

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARL MARCHELLO, <br> Plaintiff, | : <br> : | CIVIL ACTION NO. <br> 3:01CV2329(PCD) |
| v. | : | |
| CHASE MANHATTAN AUTO <br> FINANCE CORP., ET AL. <br> Defendants. | : <br> : <br> : | OCTOBER 3, 2003 |

### MEMORANDUM OF LAW

This is an action arising out of an automobile accident on February 5, 2001 on Interstate 95 in Westbrook, Connecticut. The plaintiff seeks discovery concerning any surveillance conducted by the defendants on the plaintiff concerning his injuries or activities. Other defendants have responded to the discovery without objection, however, defendant McKenna persists in his objection despite efforts to resolve this discovery dispute. The vast majority of courts that have ruled on the discoverability of this type of evidence have ruled that the material is relevant and not protected by the work product protections of Fed. R. Civ. P. 26 and must be produced.

The plaintiff, pursuant to Fed. R. Civ. P. 37(a)(2)(A), moves the Court for an order compelling the defendant to respond to the interrogatories and requests for production served on defendant McKenna on June 17, 2003. On July 15, 2003, the defendant filed objections to

plaintiff's interrogatories and requests for production. See Exhibit A. On July 23, 2003, the undersigned sent a letter to defense counsel indicating that the information sought in the plaintiff's interrogatories were discoverable under the Federal Rules and a motion to compel would be filed with the Court unless some discovery was forthcoming. Despite the clear relevance of the information sought in the discovery requests, the defendants have, to date, produced nothing to the plaintiff.

The purpose underlying the broad discovery rules is to avoid surprise, "trial by ambush" and to make the trial "less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." Hartford v. Anderson Fairoaks, Inc., 7 Conn. App. 591, 600 (1986). The discovery of surveillance materials is quite practical and would help accomplish this purpose.

While cases that have addressed this issue have uniformly determined that surveillance materials are work product, "the published decisions uniformly compel discovery of the information" since there is near unanimity that the plaintiffs have a substantial need for the information. Wegner v. Cliff Viessman, Inc., 153 F.R.D. 154, 156 (N.D. Iowa 1994); Snead v. American Export-Isbrandtsen Lines, Inc., 59 F.R.D. 148, 150-51 (E.D. Pa. 1973).

The reasons for requiring production of surveillance materials are that the tapes and other information may contain substantive evidence as well as impeachment evidence concerning "the severity of [the plaintiff's] pain and the extent to which she has lost the enjoyment of normal

activities." Chiasson v. Zapata Gulf Marine Corp., 988 F.2d 513, 517 (5th Cir. 1993); see also Bachir v. Transoceanic Cable, 1998 U.S. Dist. LEXIS 19528, at *3 (S.D.N.Y. 1998).

Furthermore,

> [a]lthough plaintiffs are aware of their own physical ailments and the nature of their disabilities, this is no substitute for viewing the surveillance materials taken by the defendants. It is only by viewing the surveillance film that plaintiffs can determine when it was made and whether the activities depicted were typical of that time or were the product of an emergency situation. Visual evidence of this kind is unique because it memorializes a particular set of conditions that can likely never be replicated. Only by observing the conditions as they appear on film can the plaintiffs respond to possible distortions or prepare to explain seeming inconsistencies to the jury.

DiMichel v. South Buffalo Railway Co., 604 N.E.2d 63, 68-69 (N.Y. 1992). Other reasons offered for compelling discovery of the evidence include facilitating stipulations, admissions, settlement, avoiding unnecessary interruptions of the trial and fundamental fairness. Moak v. Illinois Central Railroad Co., 631 So.2d 401, 405 (La. 1994).

Connecticut cases overwhelmingly allow the production of surveillance materials. See Labonte v. Grossman's, Inc., 15 Conn. L. Rptr. 445, 446 (January 8, 1996, Fasano, J.) (requiring production); Pappalardo v. Pellicci, 14 Conn. L. Rptr. 320 (June 5, 1995, Nadeau J.) (requiring production); Jiser v. Boroway, 13 Conn. L. Rptr. 75, 76 (December 8, 1994, Maiocco, J.) (requiring production) ; Davis v. Daddona, 1 Conn. L. Rptr. 445, 446 (April 4, 1990, Lewis, J.) (requiring production).

The vast majority of Courts deciding the issue have concluded that the purposes illustrated above are best served by disclosure of the material whether or not the defendant proposes to use the evidence at trial. Moak, 631 So.2d at 405. In addition, Courts have required the defendants to answer interrogatories "giving full information as to the details surrounding the taking of the pictures." Wegner, 153 F.R.D. at 157; see also Frieman v. USAir Group, Inc., 1994 U.S. Dist. LEXIS 16994, *5 (E.D.Pa. 1994) (same). The Plaintiff submits that the Court should compel the same result in this case.

Moreover, since discovery disputes are entrusted to the sound discretion of the Court, it is necessary to allow the trial Court the discretion to determine the appropriate timing for the pre-trial discovery of surveillance materials. "Mindful of the parties' competing considerations and the objectives of discovery, the trial Court [should] determine in any particular factual situation when the production of surveillance films, tapes or photographs will most likely assist the search for the truth." Moak, 631 So.2d at 406. In this case the plaintiff has been deposed so the defendant should be compelled to produce any material that he has.

As a result of the foregoing, it is clear that the great majority of the Courts considering the issue have determined that surveillance materials are discoverable since the plaintiffs have the requisite need for the materials sought. The reasons set forth in support of production greatly facilitate the business of the Court. The court should grant the motion to compel.

THE PLAINTIFF

By /s/ Joel T Faxon
JOEL T. FAXON        ct16255
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT 06510
Tel: 203-624-9500
FAX: 203-624-9100
E-mail: jfaxon@strattonfaxon.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this date to:

Thomas P. Cella, Esq.
Howard, Kohn, Sprague & FitzGerald, LLP
237 Buckingham Street
Hartford, CT 06126-0896

Kenneth G. Williams, Esq.
Gordon, Muir & Foley, LLP
10 Columbus Boulevard
Hartford, CT 06106

Brian DelGatto, Esq.
Wilson Elser Moskowitz Edelman & Dicker
One Stamford Plaza
263 Tresser Boulevard 9th floor
Stamford, CT 06901

Brian Smith, Esq.
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT  06460

_____
Joel T. Faxon

# Stratton Faxon

Connecticut's Firm for Trial Law

July 22, 2003

New Haven Office
59 Elm Street
New Haven, CT 06510
(203) 624-9500 Phone
(203) 624-9100 Fax
(866) 351-9500 Toll-free
www.strattonfaxon.com

Thomas P. Cella, Esquire
Howard, Kohn, Sprague & FitzGerald
237 Buckingham Street
Hartford, CT 06126-0896

Michael A. Stratton*
Joel T. Faxon
Michael R. Denison, JD

* Certified Civil Trial Advocate
National Board of Trial Advocacy

Re: **Marchello v. Chase Manhattan Auto Finance, et al**

Dear Tom:

Pursuant to your objections of July 15, 2003 to our supplemental interrogatories and request for production, we believe this information is discoverable under the Federal Rules. If I do not hear from you by August 15, 2003, I will file a Motion to Compel.

Yours truly,

Joel T. Faxon

Legal Assistants
Jana McIntosh
Sheila Geen, RN
Mandy Kowalenko
Shel Swanson, RN

/cag

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARL MARCHELLO | : NO. 301CV2329(PCD) |
| VS. | : |
| CHASE MANHATTAN AUTO FINANCE CORPORATION, JOHN MCKENNA and FAIR ISSAC COMPANY, INC. | : JULY 15, 2003 |

DEFENDANT"S RESPONSES TO
**SUPPLEMENTAL INTERROGATORIES AND REQUESTS FOR PRODUCTION**

The Plaintiff, pursuant to Fed. R. Civ. P. 33 and 34, requests that the Defendants, John McKenna, Fair Issac & Company, Inc., and Chase Manhattan Auto Finance Corporation, be required to answer and to produce the following, under oath, within the time provide by the Federal Rules.

**INTERROGATORIES:**

1.  Please state whether you, your agents, servants or employees, your insurer or anyone acting on their or your behalf have made an attempt to conduct surveillance or observe the Plaintiffs herein.

**ANSWER:** Objection. This is overly broad, seeks attorney work product and seeks information prepared in anticipation of litigation without showing substantial need or hardship.

2.  If so, for each such occasion, state:

    a) the date and time of each said attempt:

**ANSWER:** See objection to Interrogatory no. 1.

1

        b)     where said attempt took place

**ANSWER:** See objection to interrogatory no. 1.

        c)     by whom each such attempt was made, giving:

                i)     the name and business address of such person conducting said surveillance or observation:

**ANSWER:** See objection to interrogatory no. 1.

                ii)     the name and business address of the employer of said person:

**ANSWER:** See objection to interrogatory no. 1.

                iii)     the date each such person made each attempt:

**ANSWER:** See objection to interrogatory no. 1.

        d)     whether said attempt resulted in:

                i)     the compilation of any notes as to what was observed:

**ANSWER:** See objection to interrogatory no. 1.

        ii)    the taking of any photographs;

**ANSWER:** See objection to interrogatory no. 1.

        iii)    the taking of videotapes:

**ANSWER:** See objection to interrogatory no. 1.

        iv)    the taking of motion pictures;

**ANSWER:** See objection to interrogatory no. 1.

3.    State on which dates surveillance or observation was attempted which resulted in no notes, photographs, videotapes, or motion pictures being generated.

**ANSWER:** See objection to interrogatory no. 1.

4.    With respect to each such photograph state:

    a)    when it was taken:

**ANSWER:** See objection to interrogatory no. 1.

        b)    where it was taken:

**ANSWER:** See objection to interrogatory no. 1.

        c)    by whom it was taken:

**ANSWER:** See objection to interrogatory no. 1.

5.    With respect to each such videotape state:

        a)    when it was taken:

**ANSWER:** See objection to interrogatory no. 1.

        b)    where it was taken:

**ANSWER:** See objection to interrogatory no. 1.

        c)    by whom it was taken:

**ANSWER:** See objection to interrogatory no. 1

4

**REQUEST FOR PRODUCTION:**

1.   Please produce all photographs, videotapes, motion pictures and surveillance observation notes or reports generated by your attempts to conduct surveillance or observe Plaintiffs herein currently in your possession or generated at a later date.

**COMPLIANCE:**   See objection to Interrogatory no. 1.

THE PLAINTIFF

By: _____
JOEL T. FAXON               ct16255
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT 06604
Tel: 203-336-4421
FAX: 203-368-3244
E-mail: jfaxon@koskoff.com

5

DEFENDANT, JOHN McKENNA

BY _____
Thomas P. Cella
Howard, Kohn, Sprague & FitzGerald, LLP
237 Buckingham Street
Hartford, CT 06126-0896
Federal Bar No: ct 04298

## CERTIFICATION

I hereby certify that a copy of the foregoing was first class mail on this 15th day of July, 2003 to:

Joel Faxon, Esq.
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604

Kenneth Williams, Esq.
Gordon, Muir & Foley, LLP
10 Columbus Boulevard
Hartford, CT 06106

Thomas Cotter, Esq.
Berchem Moses & Devlin, PC
75 Broad Street
Milford, CT 06460

BY _____
Thomas P. Cella