UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARL MARCHELLO<br>Plaintiff | : CIVIL ACTION NO.<br>: 3:2001cv02329-PCD |
| VS. | : |
| CHASE MANHATTAN AUTO<br>FINANCE CORPORATION; JOHN<br>MCKENNA and FAIR ISSAC<br>COMPANY, INC.<br>Defendants | :<br>:<br>:<br>:<br>: NOVEMBER 13, 2003 |

YARMANE TRANSPORT'S MEMORANDUM IN
SUPPORT OF MOTION FOR INTERVENTION

Intervenor files this motion to intervene as a party-plaintiff, as authorized by Federal Rule of Civil Procedure 24.

A.   INTRODUCTION

1.   Plaintiff is Carl Marchello; defendants are Chase Manhattan Auto Finance Corporation, John McKenna, and Fair Issac Company, Inc.; intervenor is Yarmane Transport.

2.   Plaintiff sued defendant for recklessness and negligence arising out of a two-vehicle collision on Interstate 95 in Connecticut on February 5, 2001.

B.   ARGUMENT

3.   Intervenor has the right to intervene in this lawsuit under Rule 24(a)(2) for the following reasons:

      a.    Intervenor has a substantial legal interest in the subject matter of the lawsuit. Davis v. Butts, 290 F.3d 1297, 1300 (11th Cir. 2002); In Re Troutman Enters., Inc., 286 F.3d 359, 363 (6th Cir. 2002); John Doe #1 v. Glickman, 256 F.3d 371, 375 (5th Cir. 2001). Intervenor was the employer of the plaintiff at the time of the accident. Plaintiff was in the scope of his employment when he was injured and was compensated by the intervenor pursuant to the worker's compensation laws of Idaho. Accordingly, intervenor seeks to protect its subrogation interest and, if plaintiff prevails in the underlying lawsuit, seeks to recover from the plaintiff to the extent of intervenor's compensation lien.

      b.    There is substantial risk that intervenor's ability to protect its interest may be impaired without intervention. Davis, supra, at 1300; Troutman Enters., at 363; John Doe, at 375. Intervenor has paid $107,863.38 to plaintiff pursuant to Idaho Worker's Compensation Laws. Intervenor has a legal and economic interest in its lien that is not adequately represented by the existing parties. Accordingly, intervenor seeks to protect its lien interest in the event that there is a settlement or judgment in the underlying lawsuit.

      c.    The present parties in the suit may not adequately represent intervenor's interest. Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10 (1972); Davis, supra, 290 F.3d at 1300; Troutman Enters.,

286 F.3d at 363; John Doe, 256 F.3d at 375. Intervenor's interest is its subrogation right to be reimbursed for the benefits it provided plaintiff. Plaintiff's interest in the underlying action is to be compensated for the accident, which is directly opposed to Intervenor's interest in receiving reimbursement. Lastly, Defendant's interest is to defend against the claim. Accordingly, the existing parties do not adequately represent intervenor's interest in receiving reimbursement and intervenor's interests will be impaired if not granted the opportunity to intervene in the underlying lawsuit.

4. Intervenor's motion is timely. *See* NAACP v. New York, 413 U.S. 345, 365-66, 93 S.Ct. 2591, 2602-03 (1973). Intervenor learned of the suit on October 3, 2003, and filed this motion without delay on November 12, 2003.

5. The complaint in intervention is attached to this motion.

### C. CONCLUSION

6. Intervenor seeks to intervene in the current lawsuit pursuant to Rule 24(a)(2) to protect its subrogation rights for worker's compensation benefits paid to Plaintiff. Intervenor seeks reimbursement of its lien pursuant to the Worker's Compensation laws and that interest will be impaired if not granted this opportunity to intervene. Intervenor filed this motion within 45 days of learning

of this suit. For these reasons, intervenor asks this Court to grant its motion to intervene as a party-plaintiff.

Respectfully submitted,

By: _____

Federal Bar No.: ct04410
David J. Weil
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410
Tel. 203-250-2000
Fax. 203-250-3131
dweil@nuzzo-roberts.com

## CERTIFICATE OF SERVICE

I certify that a copy of Yarmane Transport Memorandum in Support of Motion for Intervention was served on all lead attorneys of record as follows:

For the Defendant Chase Manhattan Auto Finance Corp.
Stephen P. Brown, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
3 Gannet Drive
White Plains, NY 10604

For the Defendant Chase Manhattan Auto Finance Group
Richard J. Buturla, Esq.
BERCHEM, MOSES & DEVLIN, P.C.
75 Broad Street
Milford, CT 06460

For the Defendant John McKenna
Thomas P. Cella, Esq.
HOWARD, KOHN, SPRAGUE & FITZGERALD
237 Buckingham Street, P.O. Box 261798
Hartford, CT 06126-1798

For the Plaintiff Carl Marchello
Joel T. Faxon
STRATTON FAXON LAW FIRM
59 Elm Street
New Haven, CT 06510

For the Defendant Fair Isaac Company, Inc.
Kenneth G. Williams
GORDON, MUIR & FOLEY
Hartford Square North,
10 Columbus Boulevard
Hartford, CT 06106-1976

David J. Weil

\\fp\nuzzo\wp\403016\022\Intervening Complaint -memo.doc