UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARL MARCHELLO, | : |
|     Plaintiff, | : |
| | : |
| -vs- | : Civil No. 3:01cv2329 (PCD) |
| | : |
| CHASE MANHATTAN AUTO FINANCE | : |
|     CORPORATION and JOHN | : |
|     MCKENNA, | : |
|     Defendants. | : |

**RULING ON PLAINTIFF'S MOTION TO COMPEL**

Pursuant to FED. R. CIV. P. 37(a)(2), Plaintiff moves to compel Defendant John McKenna ("Defendant") to respond to the interrogatories and requests for production dated June 17, 2003, seeking discovery of surveillance materials. For the reasons stated herein, Plaintiff's motion [Doc. No. 40] is **denied**.

**I.    Background**

This case arises from an automobile accident on February 5, 2001 on Interstate 95 in Westbrook, Connecticut. Plaintiff seeks discovery concerning any surveillance conducted by Defendants on Plaintiff concerning his injuries. Defendant objects.

**II.    Standards**

    **A.    General Discovery Principles**

Federal discovery rules "make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958). The scope of permissible discovery is broad. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .

. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). However, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Furthermore, discovery may not be had where the discovery sought is "unreasonably cumulative or duplicative," overly "burdensome . . . [or] expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(2). An order compelling discovery may be tailored to the circumstances of the case. *See Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

      **B.**    **Work Product Doctrine and Discovery of Surveillance Tapes**

Pursuant to the work product doctrine, work product materials prepared in anticipation of litigation are discoverable "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." FED. R. CIV. P. 26(b)(3).

Because they are relevant to a plaintiff's physical condition, surveillance tapes are generally considered discoverable. *See e.g. Chiasson v. Zapata Gulf Marine Corp.*, 3 F.3d 123, 124 (5th Cir. 1993). However, because they are created after a party's injury and in anticipation of litigation, surveillance tapes generally are considered work product. *Fisher v. N.R.P.C.*, 152 F.R.D. 145 (S.D. Ind. 1993).

**III.    Analysis**

Plaintiff argues that any surveillance tapes are discoverable because Plaintiff has "a substantial need for the information." Pl. Mem. at 2. Defendant contends that Plaintiff's discovery requests concerning any surveillance tapes are overly broad and seek information prepared in anticipation of litigation without showing substantial need or hardship.[1]  Def. Opp. at 1-2.

Courts considering whether to allow discovery of surveillance film balance the parties' interests. Defendants often use surveillance film to impeach a plaintiff's credibility. *Snead v. American Export-Isbrandtsen Lines, Inc.*, 59 F.R.D. 148, 150 (E.D. Pa. 1973). However, because film is sometimes misleading, plaintiffs may need to be able to challenge what a film appears to depict and to review the film for authenticity. *Weinhold v. Witte Heavy Lift*, 90 Civ. 2096 (PKL), 1994 U.S. Dist. LEXIS 4559, at *3 (S.D.N.Y. Apr. 11, 1994). Generally, courts have allowed discovery of surveillance film, conditioning such disclosure by requiring that the defendant need only disclose surveillance films after the plaintiff has been deposed so that Defendant may impeach Plaintiff if he exaggerates his injuries. *See e.g. Daniels v. Nat'l R.R. Passenger Corp.*, 110 F.R.D. 160, 161 (S.D.N.Y. 1986); *Tripp v. Severe*, Civ. No. L-99-1478, 2000 U.S.

---

[1]    Defendant points to Conn. Super. Ct. § 13-3, which provides that
> a party may obtain discovery of documents and tangible things otherwise discoverable . . . and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Connecticut courts have not consistently determined whether surveillance films are discoverable. *See* Pl. Mem. at 3 (citing Connecticut cases allowing production of surveillance materials); Def. Opp. at 4-6 (citing Connecticut cases denying or limiting production of surveillance materials).

Dist. LEXIS 16488, at *2 (D. Md. Feb. 8, 2000).  Many courts considering this issue have limited disclosure only to surveillance film that the defendant plans to introduce at trial. *Snead*, 59 F.R.D. at 151; *Tripp*, 2000 U.S. Dist. LEXIS, at *4-*5;  *Martino v. Baker*, 179 F.R.D. 588, 590 (D. Co. 1998); *Gibson* v. *Nat'l R.R. Passenger Corp.*, 170 F.R.D. 408, 419 (E.D. Pa. 1997); *but see Daniels,* 110 F.R.D. at 161 (requiring production of all surveillance films regardless of whether being used at trial).

The more prudent resolution is to deny disclosure of surveillance film at this time. Plaintiff's invitation that the Court conclude that plaintiffs in a personal injury case always have a *per se* substantial need for a defendant's surveillance films is declined. "Every need to provide information must be balanced against the need to withhold it." *Snead*, 59 F.R.D. at 151.  Both the federal and Connecticut rules require that Plaintiff make a showing of substantial need to overcome the work product doctrine.  Plaintiff's conclusory allegation that he has a "substantial need" is not enough to meet the standard. The liberal discovery rules are designed to prevent unfair surprise, but here there is no indication that Defendant is playing blind man's buff, because clearly Plaintiff should know of his own activities and should be able to prepare his case without any immediate need for Defendant's surveillance tapes, which would disclose Defendant's partial knowledge of these activities.  The surveillance films are not the only evidence of Plaintiff's injuries, as his medical records and testimony, among other things, may demonstrate the extent of his injuries.  Moreover, as the alleged surveillance tapes do not depict Plaintiff's accident itself, they do not contain unique information.  As stated, Plaintiff is in the best position to know of his activities, and his desire to discover the

4

surveillance tapes does not constitute substantial need.  The discovery rules should not deprive a defendant of the opportunity to provide evidence of a plaintiff engaging in activities which contradict his claimed injuries.

Plaintiff fails to show that he has substantial need for Defendant's surveillance tapes (if they exist at all) before trial.  Should Defendant use any surveillance film at trial, Plaintiff will be afforded a reasonable opportunity, at that time, to inspect the film for authenticity.

Accordingly, Plaintiff's motion to compel is **denied**.

### IV.    Conclusion

For the reasons stated herein, Plaintiff's motion [Doc. No. 40]  is **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, January   14  , 2004.

/s/
Peter C. Dorsey
United States District Judge