UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARL MARCHELO | : | Civil Action No. |
|     Plaintiff | : | 3:01CV2329 (PCD) |
| v. | : | |
| CHASE MANHATTAN AUTO FINANCE CORPORATION, ET AL | : | |
|     Defendants | : | February 13, 2004 |

### TRIAL MEMORANDUM

In accordance with the Trial Preparation Order issued by Judge Dorsey on January 9, 2004, the defendant Chase Manhattan Auto Finance Corporation (hereinafter referred to as "Chase") submits this Trial Memorandum.

### SECTION B

1.  **UNDISPUTED CLAIMS OF FACT**

    A.  Chase was and is a registered owner and lessor of a 1998 Toyota Avalon bearing Massachusetts registration 3683 EI.

    B.  Chase rented and/or leased the Toyota Avalon to the defendant, John McKenna.

    C.  John McKenna was acting as the agent, servant or employee of the defendant, Fair Isaac & Company, Inc. at the time of the accident.

2.  **PROPOSED FINDINGS OF FACT**

As this matter is a jury case, the undersigned defendant proposes no findings of fact for the court.

3.   **CLAIMS OF LAW**

   A. The plaintiff cannot recover any damages to the extent the jury reasonably finds his contributory negligence is greater than the negligence of the defendants. *Trzcinski v. Richey*, 190 Conn. 285, 299 (1982); Conn. Gen. Stat. §52-572h(b).

   B. Any award to the plaintiff must be reduced by the amount of his contributory negligence as found by the jury. Conn. Gen. Stat. §52-572h(b).

4.   **LIST OF EXHIBITS**

In addition to the exhibits listed in the plaintiff's compliance with Section A of the Trial Preparation Order, the defendant Chase submits an exhibit list attached hereto.

5.   **LIST OF WITNESSES**

In addition to the witnesses listed in the plaintiff's compliance with Section A of the Trial Preparation Order, the defendant Chase will call any witness that is necessary to

authenticate any documents. The defendant also reserves the right to disclose an expert witness after the deposition of Dr. Hanscom is obtained.

6.    **LIST OF PROPOSED EVIDENCE**

Medical records pre-dating the accident will show the nature and extent of any physical condition or limitation of the plaintiff prior to the time of the incident alleged in the complaint.

Records from Worker's Compensation proceedings will show the nature and extent of any physical condition or limitation of the plaintiff prior to the time of the incident alleged in the complaint.

THE DEFENDANT,
Chase Manhattan Auto Finance
Corporation

By_____
Brian W. Smith
BERCHEM, MOSES & DEVLIN
75 Broad Street
Milford, CT 06460
Phone: (203) 783-1200
Federal Bar: CT05720

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed on this 13th day of February 2004 to the following:

Joel Thomas Faxon
Antonio Ponvert, III
Koskoff, Koskoff & Bieder, PC
350 Fairfield Avenue
Bridgeport, CT 06604

Thomas P. Cella
Howard, Kohn, Sprague & Fitzgerald
237 Buckingham Street
PO Box 261798
Hartford, CT 06126-1798

Kenneth G. Williams
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123

Brian Del Gatto, Esq.
Stephen Brown, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3 Gannett Drive
White Plains, NY 10604

**Intervening Plaintiff, Yarmane Transport:**
David Weil, Esq.
Sean D. Murphy, Esq.
Nuzzo & Roberts, LLC
One Town Center, PO Box 747
Cheshire, CT 06410

By _____
Brian W. Smith

**Chase Manhattan Auto Finance Corporation**

**Exhibit List**

A.  Deposition transcript of Carl Marchello.

B.  Employment records of Carl Marchello from Frank Lupo Goodyear, Price, UT.

C.  Worker's Compensation records of plaintiff from Utah.

D.  Worker's Compensation records from Idaho.

E.  Medical records of plaintiff from Harold Gunn, DC.

F.  Medical records of plaintiff from J. Charles Rich, MD.

G.  Medical records of plaintiff from LDS Hospital, Salt Lake City, UT.

H.  Medical records of plaintiff from Dr. Boyd G. Holbrook, MD.

I.  Transcript and/or video of deposition of Dr. David Hanscom.