**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **CARL MARCHELLO** | : | **NO.: 301CV2329 PCD** |
| | : | |
| **VS.** | : | |
| | : | |
| **CHASE MANHATTAN AUTO FINANCE** | : | |
| **CORPORATION and JOHN McKENNA** | : | **FEBRUARY 27, 2004** |

**(SECTION C) TRIAL PREPARATION ORDER COMPLIANCE**

The Defendant, John McKenna, hereby submits his compliance with the Trial

Preparation Order (Section C) as follows:

**SECTION C**

Trial Attorney for Defendant, John McKenna:

> Thomas P. Cella, Esq.
> Howard, Kohn, Sprague & FitzGerald, LLP
> 237 Buckingham Street
> Hartford, CT 06106
> (860)525-3101

Jury Trial

4 - 5 days

The parties have not agreed to a trial with Magistrate Margolis

Not applicable

A settlement conference may be of assistance in resolving the case.

**1.    PLAINTIFF'S CLAIMS OF FACT**

The Defendant, John McKenna, does not agree with those portions of the Plaintiff's Claims of Fact that allege that John McKenna engaged in reckless or negligent conduct. The Defendant, John McKenna, agrees that on February 5, 2001, he was operating a motor vehicle leased from Chase Manhattan Auto Finance Corporation and was operating this motor vehicle while in the scope of his employment with the Defendant, Fair Isaac & Company, Inc.

**2.    PROPOSED FINDINGS OF FACT**

_____None

**3.    CLAIMS OF LAW**

_____The Defendant, John McKenna, disagrees that he improperly operated his vehicle and that he is liable for the Plaintiff's physical injuries.

**4.    LIST OF EXHIBITS**

The Defendant, John McKenna, has no objection to the exhibits identified as numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19 and 22 provided a proper foundation is laid for admissibility and all irrelevant, prejudicial and/or inadmissible portions of those exhibits are properly redacted.

As to Exhibit 20, the Defendant objects to those portions of the police report that represent the opinions and conclusions of the State Police.

2

As to Exhibit 21, the Defendant objects to the Statement of Matthew Buchanan as hearsay and as lacking an adequate foundation.

As to Exhibit 23, the Defendant objects because the Plaintiff has not identified what x-rays he intends to offer and through whom the offer will be made.

**5.    LIST OF WITNESSES**

The Defendant, John McKenna, cannot, at this time, agree to the qualifications of Dr. David Hanscom as an expert witness as his qualifications have not been disclosed.

Since it does not appear from the description of proposed testimony by the members of the Connecticut State Police that their testimony will be limited to their observations at the scene of the accident, the Defendant has no objection to these witnesses provided a proper foundation for their observations is laid.

**6.    DESCRIPTION OF EACH ITEM OF PROPOSED EVIDENCE**

See number 4 above.

**7.    Basis for Federal Jurisdiction**

Diversity of Citizenship

**8.    Nature of Each Cause of Action**

The plaintiff has asserted claims of negligence and recklessness and seeks

compensatory and punitive damages.

**9.    Voir Dire**

1.    Have you, or any family member, ever been injured in an accident that you

3

believe was someone else's fault?

    A.  If so, please describe the accident itself and the injuries which were sustained.

    B.  Was a claim filed?

    C.  Would that experience in any way affect your ability to treat the parties in this matter fairly?

    2.    Have you ever been a plaintiff or a defendant in any lawsuit for personal injuries?

    A.  If so, please describe the case itself and the injuries which were sustained.

    B.  Would that experience in any way affect your ability to treat the parties in this matter fairly?

    3.    Have you, or any close family member, ever suffered a spinal injury?

    A.  If so, please describe the accident itself and the injuries which were sustained.

    B.  Would that experience in any way affect your ability to treat the parties in this matter fairly?

    4.    Do you believe that just because someone is sued, like the defendants in this case has been, that they must have done something wrong?

    5.    Are you willing to apply the law of this case as it is given to you by the court,

even if it means applying laws that you disagree with?

      6.     Are you willing to listen to all of the evidence presented, by both sides, and to listen to the Court's instructions at the very end of the trial, before making up your mind as to who is at fault, and whether or not the plaintiff is entitled to money damages?

      7.     Do you know of any reason why you would not be a fair and impartial juror for this case?

      8.     Are you familiar with any of the parties involved in this matter: Carl Marchello, Chase Manhattan Auto Finance Corporation, Fair Isaac & Company, or my client, John McKenna?

      A.     Will this affect your view of the case, even slightly?

10.    **Written Statement to Be Read to Jury**

      In this case, the Plaintiff, Carl Marchello, claims that John McKenna operated his motor vehicle in a negligent and/or reckless manner. John McKenna denies the Plaintiff's claims and alleges that the Plaintiff, himself, operated his vehicle in a negligent or reckless manner.

11.    **Proposed Requests to Charge**

**<u>Burden of Proof</u>**

The party making a claim has the burden of proof with respect to that claim. Thus, the plaintiff has the burden of proving each essential element of the cause of action upon which the plaintiff relies. I will review those elements with you in one moment. The defendants do not have to present evidence to disprove the plaintiff's claim.

**AUTHORITY**

*Gulycz v. Stop & Shop Companies, Inc.*, 29 Conn. App. 519, 523, cert. denied, 224 Conn. 923 (1992).

**Standard of Proof**

In order to meet his or her burden of proof, a party must satisfy you that his or her claims on an issue are more probable than not. You may have heard in criminal cases that proof must be beyond a reasonable doubt, but I must emphasize to you that this is not a criminal case, and you are not deciding criminal guilt or innocence. In civil cases such as this one, a different standard of proof applies. The party who asserts a claim has the burden of proving it by a fair preponderance of the evidence, that is, the better or weightier evidence must establish that, more probably than not, the assertion is true. In weighing the evidence, keep in mind that it is the quality and not the quantity of evidence that is important; one piece of believable evidence may weigh so heavily in your mind as to overcome a multitude of less credible evidence. The weight to be accorded each piece of evidence is for you to decide.

As an example of what I mean, imagine in your mind the scales of justice. Put all the credible evidence on the scales regardless of which party offered it, separating the evidence favoring each side. If the scales remain even, or if they tip against the party making the claim, then that party has failed to establish that assertion. Only if the scales incline, even slightly, in favor of the assertion may you find the assertion has been proved by a fair preponderance of the evidence.

7

**AUTHORITY**

*Tianti v. William Raveis Real Estate, Inc.,* 231 Conn. 690, 702 (1995); *Holmes v. Holmes,* 32 Conn. App. 317, 318, cert. denied, 228 Conn. 902 (1993).

## <u>Credibility of Witnesses</u>

The credibility of witnesses and the weight to be given to their testimony are matters for you as jurors to determine. However, there are some principles that you should keep in mind. No fact is, of course, to be determined merely by the number of witnesses who testify for or against it; it is the quality and not the quantity of testimony that controls. In weighing the testimony of each witness you should consider the witness' appearance on the stand and whether the witness has an interest of whatever sort in the outcome of the trial. You should consider a witness' opportunity and ability to observe facts correctly and to remember them truly and accurately, and you should test the evidence each witness gives you by your own knowledge of human nature and the motives that influence and control human actions. You may consider the reasonableness of what the witness says and the consistency or inconsistency of his or her testimony. You may consider his or her testimony in relation to facts that you find to have been otherwise proven. You may believe all of what a witness tells you, some of what a witness tells you, or none of what a particular witness tells you. You need not believe any particular number of witnesses and you may reject uncontradicted testimony if you find it reasonable to do so. In short, you are to apply the same considerations and use the same sound judgment and common sense that you use for questions of truth and veracity in your

9

daily life.

You may well ask yourselves in passing on the credibility of any witness whether that witness has any bias or prejudices regarding any party to the accident, and if so, whether he has permitted that bias or prejudice to color his testimony; and it, of course, does not follow simply from the fact that a witness does have a bias, prejudice or does have an interest in the outcome of the case that his testimony is to be disbelieved.  There are many people who no matter what their interest in the outcome of a case might be, would not testify falsely.  On the other hand, a jury should always bear in mind that, if a witness had a decided bias or prejudice, or has an interest in the outcome of the case, that bias or interest offers something of a temptation to say or shade his own testimony as a result of it.

**Expert Witnesses**

We have had in this case the testimony of expert witnesses.  Expert witnesses, such as engineers or doctors, are people who, because of their training, education, and experience, have knowledge beyond that of the ordinary person.  Because of that expertise in whatever field they happen to be in, expert witnesses are allowed to give their opinions.  Ordinarily, a witness cannot give an opinion about anything, but rather is limited to testimony as to the facts in that witness' personal knowledge.  The experts in this case have given opinions.  However, the fact that these witnesses may qualify as experts does not mean that you have to accept their opinions.  You can accept their opinions or reject them.

In making your decision whether to believe an expert's opinion, you should consider the expert's education, training and experience in the particular field; the information available to the expert, including the facts the expert had, and the documents or other physical evidence available to the expert; the expert's opportunity and ability to examine those things; the expert's ability to recollect the activity and facts that form the basis for the opinion; and the expert's ability to tell you accurately about the fact, activity and the basis for the opinion.

You should ask yourselves about the methods employed by the expert and the

11

reliability of the result.  You should further consider whether the opinions stated by the expert have a rational and reasonable basis in the evidence.  Based on all of those things together with your general observation and assessment of the witness, it is then up to you to decide whether or not to accept the opinion.  You may believe all, some or none of the testimony of an expert witness.  In other words, an expert's testimony is subject to your review like that of any other witness.

**Sympathy/Prejudice**

Obviously, your verdict must not be reached on the basis of sympathy for any party or on the basis of prejudice in favor of or against any party. The parties come to court asking simply for a cool, impartial determination of the disputed issues based on the facts and the law. That is what they are entitled to and that is how you should approach the decision of this case. You would be violating your oath as jurors if you allow sympathy, prejudice or any other improper consideration to influence your determination of this case. Your determination must be based solely upon the evidence presented in court and upon my instructions to you concerning the law

## <u>Negligence—Definition</u>

Negligence is the violation of a legal duty which one person owes to another to care for the safety of that person or that person's property.

**AUTHORITY**

*Sharkey v. Skilton*, 83 Conn. 503, 508 (1910).

## NEGLIGENCE

1.      The essential elements of a lawsuit sounding in negligence are 1) a duty owed by a defendant to the person allegedly injured (the plaintiff), 2) a breach of that duty, 3) a causal relationship between the breach of the duty and the injury, and, of course, 4) actual injury suffered by the plaintiff.  RK Constructors Inc. v. Fusco Corp., 231 Conn. 381 (1994). If you find that any one of these elements is not present in the case before you, the plaintiff is not entitled to recover from the defendant. Id.

**<u>Reasonable Care</u>**

In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known to the defendant at the time of the conduct in question. Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances. It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised.

**AUTHORITY**

*Galligan v. Blais*, 170 Conn. 73, 77 (1976); *Pleasure Beach Park Co. v. Bridgeport Dredge & Dock Co.*, 116 Conn. 496, 503 (1933); *Geoghegan v. G. Fox & Co.,* 104 Conn. 129, 134 (1926).

**<u>Duty—Foreseeability</u>**

A duty to use care exists when a reasonable person, knowing what the defendant here either knew or should have known at the time of the challenged conduct, would foresee that harm of the same general nature as that which occurred here was likely to result from that conduct. If harm of the same general nature as that which occurred here was foreseeable, it does not matter if the manner in which the harm that actually occurred was unusual, bizarre or unforeseeable.

**AUTHORITY**

*Coburn v. Lenox Homes, Inc.*, 186 Conn. 370, 375 (1982); *Pisel v. Stamford Hospital*, 180 Conn. 314, 332-33 (1980; *Orlo v. Connecticut Co.*, 128 Conn. 231, 237 (1941).

17

## **Legal Cause**

If you find that the defendant was negligent in any of the ways alleged in the plaintiff's complaint, you must next decide if such negligence was a legal cause of any of the plaintiff's claimed injuries.  Legal cause has two components: cause in fact and proximate cause.

**AUTHORITY**

*Doe v. Manheimer*, 212 Conn. 748, 757 (1989) (noting, for the first time in Connecticut, that "legal cause" is an essential element of any negligence claim, and specifying that "causation in fact" and "proximate cause" are the two components of "legal cause"); 2 Restatement (Second), Torts §§ 430 (1965) ("In order that a negligent actor shall be liable for another's harm, it is necessary not only that the actor's conduct be negligent toward the other, but also that the negligence of the actor be a legal cause of the other's harm").

18

## **Cause in Fact**

A cause in fact is an actual cause.  The test for cause in fact is, simply, "Would the injury have occurred were it not for the defendant's negligence?"  If your answer to this question is "yes," then the defendant's negligence was not a cause in fact of the plaintiff's injuries.

**AUTHORITY**

*Doe v. Manheimer*, 212 Conn. 748, 757 (1989) ("The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct"); *Shaughnessy v. Morrison*, 116 Conn. 661, 666 (1933) ("An act or omission can hardly be regarded as the cause of an event which would have happened if the act or omission had not occurred").

## **Proximate Cause —Definition**

Negligence is a proximate cause of an injury if it was a substantial factor in bringing the injury about.

**AUTHORITY**

*Pilon v. Anderson*, 112 Conn. 300, 301 (1930) ("The meaning of the term `substantial factor' is so clear as to need no expository definition . . . . Indeed, it is doubtful if the expression is susceptible of definition more understandable than the simple and familiar words it employs").

## **Proximate Cause —Substantial Factor**

Negligence is a substantial factor in bringing about an injury if it contributes materially to the production of the injury.

AUTHORITY

*Doe v. Manheimer*, 212 Conn. 748, 757-58 (1989) (quoting *Kowal v. Hohfer*, 181 Conn. 355, 359-60 (1980).

## **Comparative Negligence**

Comparative negligence is negligence on the part of a plaintiff which contributes as a legal cause in bringing about his injury.

The defendants, in their answer to plaintiff's complaint, deny that they were negligent and go on to make an affirmative allegation that the plaintiff himself was guilty of negligence. Upon that issue, it is for the defendant to prove to you by a fair preponderance of the evidence that the plaintiff was negligent as alleged in the answer and that this negligence was a substantial factor in bringing about any damage to him. Every person has a duty to exercise reasonable care in guarding against injury to herself or her property. The standard of care which a person is required to exercise to guard his own safety and the safety of his property is that of a reasonably prudent person. Dokus v. Palmer, 130 Conn. 247, 251 (1943); Morfyak v. New England Transportation Co., 120 Conn. 46, 48 (1935). His conduct is to be judged in the light of all the relevant facts she perceived or ought to have perceived in the exercise of the care of an ordinarily prudent person. If the defendants prove specific acts of negligence as alleged in their defense on the part of the plaintiff, you are then to determine the extent to which this negligence contributed to her own injuries. If the negligence of the plaintiff was greater than that of the defendants, your verdict must be for the defendants. If, on the other

22

hand, the defendants do not prove the plaintiff was negligent, or if you find that their

negligence was not greater than that of the plaintiff, then the defense of contributory

negligence cannot avail to defeat a recovery by the plaintiff.

Of course, if you find that there was no negligence on the part of the defendants, you

have no need to consider the question of whether the plaintiff was guilty of contributory

negligence, because whether he was or not he cannot recover under those circumstance.

If you find that the plaintiff was negligent, and that such negligence was the proximate

cause of his injuries, you must consider what is called the comparative negligence rule.  It

provides that in causes of action based on negligence, contributory negligence shall not bar

recovery if such contributory negligence was not greater than the combined negligence of the

person or persons against whom recovery is sought, but any damages allowed shall be

diminished in their proportion of the percentage of the negligence attributable to the person

recovering.  There are essentially two parts to this rule.  The first part concerns what is called

in the law a complete bar to recovery.  If we combine every act and omission of every party to

the accident which caused the injury, we than have a total of 100% of the negligence involved.

If the person seeking recovery for the injury is more than 50% to blame (or negligent) for the

injury, she cannot recover any damages from any of the other participants in the accident.

His recovery is barred.

The second part of the rule explains the effect upon awards of damage in those actions in which the person seeking damage is 50% or less at fault in causing his own injury (again taking 100% as the total negligence of all parties to this action). It provides for a reduction or diminution of whatever sum of money would fairly compensate such person for her injury and/or damages, based on the extent to which a person caused his own injury, on a percentage basis. I will comment on this further when I explain the verdict forms to you.

Now to summarize: for the plaintiff to recover, it is necessary for you to be satisfied: first, that the defendants were negligent in one or more of the ways specified in the complaint; second, that such negligence, if any, was a substantial factor in causing the damages to the plaintiff, and, third, that the negligence of the plaintiff himself was not greater than the negligence of the defendants. If the plaintiff has failed to prove either of the first two elements by the better evidence or if the defendant has proved to you that the negligence of the plaintiff was greater than the negligence of the defendants as I have explained to you, it is your duty to bring in a verdict for the defendant.

You will take up the question of damages only if you reach the conclusion that these

three important allegations have been established in favor of the plaintiff, and only after

reaching such a conclusion.

     <u>Washburn v. LaMay</u>, 116 Conn. 576, 577 (1933).

## **Specifications of Negligence---Special Defense**

The special defense filed by the defendant alleges a number of specific ways in which the plaintiff was negligent. To prove negligence, it is not necessary for the defendant to prove that the plaintiff was negligent in all of the ways claimed. Proof that the plaintiff was negligent in just one of the ways claimed is sufficient to prove negligence.

**Plaintiff's Duty of Care**

I have previously instructed you that the defendant is under the obligation to exercise the care which a reasonably prudent person would use under the circumstances.  The plaintiff is also under the same obligation.  A plaintiff is negligent if the plaintiff does something which a reasonably prudent person would not have done under similar circumstances; or fails to do that which a reasonably prudent person would have done under similar circumstances.

## **Damages**

If, based upon the testimony and the exhibits in this case, you conclude that the plaintiff is entitled to compensation on any of the counts alleged in his complaint, he is only entitled to recover for the damages which resulted from this accident and those which are a proximate result of the defendants' conduct or actions.

The rule for damages is that, insofar as money can do it, the plaintiff is entitled to receive fair, just and reasonable compensation for all injuries and losses, past and future, which are proximately caused by the defendants' proven negligence. Under this rule, the purpose of an award of damages is not to punish or penalize the defendant for its negligence, but to compensate the plaintiff for his resulting injuries and losses. You must attempt to put the plaintiff in the same position, as far as money can do it, that he would have been in had the defendant(s) not been negligent.

Our laws impose certain rules to govern the award of damages in any case where liability is proven. Just as the plaintiff has the burden of proving liability by a fair preponderance of the evidence, he has the burden of proving his entitlement to recover damages by a fair preponderance of the evidence. To that end, the plaintiff must prove both

28

the nature and extent of each particular loss or injury for which she seeks to recover damages and that the loss or injury in question was proximately caused by the defendants' negligence. You may not guess or speculate as to the nature or extent of the plaintiff's losses or injuries. Your decision must be based on reasonable probabilities in light of the evidence presented at trial. Injuries and losses for which the plaintiff should be compensated include those he has suffered up to and including the present time and those that he is reasonably likely to suffer in the future as a proximate result of the defendant's negligence. Negligence, as I previously instructed you, is a proximate cause of a loss or injury if it is a substantial factor in bringing that loss or injury about.

Once the plaintiff has proved the nature and extent of his compensable injuries and losses, it becomes your job to determine what is fair, just and reasonable compensation for those injuries and losses. There is often no mathematical formula in making this determination. Instead, you must use human experience and apply sound common sense in determining the amount of your verdict.

In a personal injury action, there are two general types of damages with which you must be concerned: economic and noneconomic damages. Economic damages are monies awarded as compensation for monetary losses and expenses which the plaintiff has incurred,

or is reasonably likely to incur in the future, as a result of the defendant's negligence.  They are awarded for such things as the cost of reasonable and necessary medical care and lost earnings.  Noneconomic damages are monies awarded as compensation for non-monetary losses and injuries which the plaintiff has suffered, or is reasonably likely to suffer in the future, as a result of the defendant's negligence.  They are awarded for such things as physical pain and suffering, mental and emotional pain and suffering, and loss of diminution of the ability to enjoy life's pleasures.

I will now instruct you more particularly on economic damages.  In this case, the plaintiff seeks to recover economic damages for each of the following types of monetary losses or expenses: ....

The plaintiff is entitled to recover the reasonable value of medical care and expenses incurred for the treatment of injuries sustained as a result of the defendant's negligence.  The plaintiff must prove that the expenses he claims were reasonably, necessary and proximately caused by the defendant's negligence.

The plaintiff is also entitled to recover any loss of earnings or earning capacity that he proves to have been proximately caused by the defendant's negligence.  With respect to lost

30

earnings up to the present time, the plaintiff must prove that the defendant's negligence has prevented him from receiving the earnings for which he seeks compensation. She must do so by establishing a reasonable probability that her injury brought about the loss of earnings. The evidence must establish a basis for a reasonable estimate of that loss.

The plaintiff is also entitled to damages for the loss of future earnings based upon the evidence as to what he probably could have earned but for the harm caused by the defendant's negligence and as to what the plaintiff can now earn through the earning period of his life.

Let me now turn to noneconomic damages. In this case, the plaintiff seeks to recover noneconomic damages for each of the following type of non-monetary losses or injuries: ....

A plaintiff who is injured by the negligence of another is entitled to be compensated for all physical pain and suffering, mental and emotional suffering, loss of the ability to enjoy life's pleasures, and permanent impairment or loss of function that he proves by a fair preponderance of the evidence to have been proximately caused by the defendant's negligence. As far as money can compensate the plaintiff for such injuries and their consequences, you must award a fair, just, and reasonable sum. You simply have to use your own good judgment in awarding damages in this category. You should consider the nature and duration

31

of any pain and suffering that you find.

A plaintiff who is injured by the negligence of another is entitled to be compensated for mental suffering caused by the defendant's negligence for the results which proximately flow from it in the same manner as he is for physical suffering.

You should consider, as a separate category for awarding damages in this case, the length of time the plaintiff was, or will probably be, disabled from engaging in activities which he enjoys.

If you find that it is reasonably probable that the plaintiff has suffered permanent physical harm, loss of function or disfigurement, the plaintiff is entitled to be compensated for that category of injury. Your award should be in accordance with the nature and extent of such physical impairment, loss of function or disfigurement and the length of time he is reasonably expected to endure its negative consequences.

The plaintiff is entitled to full compensation for all injuries and losses proximately caused by the defendant's negligence even though those injuries and losses are more serious than they otherwise would have been because of a pre-existing condition. You may not compensate the plaintiff for the pre-existing injury itself. However, the aggravation of such an

injury, proximately caused by the defendant's negligence, is a proper item of noneconomic damages.

In conclusion, if you decide that the plaintiff did sustain injuries which were proximately caused by the defendant's actions and not by some other accident, incident or cause, you may award fair, just and reasonable compensation for those injuries and losses. You must bear in mind that damages are not allowed to enrich or reward anyone; nor are you allowed to award damages to punish the defendants for their actions or conduct. In the last analysis, you are the sole judges of what is fair, just and reasonable compensation to the plaintiff for the injuries which he is claiming.

DEFENDANT, JOHN McKENNA


BY_____
             Thomas P. Cella
             Howard, Kohn, Sprague & FitzGerald, LLP
             237 Buckingham Street
             Hartford, CT  06126-0896
             Federal Bar No: ct 04298

## <u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing was mailed postage prepaid on this 27th day of February, 2004, to:

Joel Faxon, Esq.

Stratton Faxon

59 Elm Street

New Haven, CT 06510

Kenneth Williams, Esq.

Gordon, Muir & Foley, LLP

10 Columbus Boulevard

Hartford, CT 06106

Brian Smith, Esq.

Berchem Moses & Devlin, PC

75 Broad Street

Milford, CT 06460

Brian DelGatto, Esq.

Wilson, Elser, Moskowitz, Edelman & Dicker

One Stamford Plaza

263 Tressor Boulevard, 9th Floor

Stamford, CT 06901

Sean D. Murphy, Esq.

Nuzzo & Roberts LLC

One Town Center

P.O. Box 747

Cheshire, CT 06410

BY_____

Thomas P. Cella