UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARL MARCHELLO | : | Civil Action No. |
| Plaintiff | : | 3:01CV2329 (PCD) |
| | : | |
| v. | : | |
| | : | |
| CHASE MANHATTAN AUTO | : | |
| FINANCE CORPORATION and | : | |
| JOHN McKENNA | : | |
| Defendants | : | February 27, 2004 |

**PROPOSED REQEUST TO CHARGE BY DEFENDANT
CHASE MANHATTAN AUTO FINANCE CORPORATION and JOHN McKENNA**

I.   JURORS TO ACT WITHOUT BIAS AND PREJUDICE:

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the plaintiff and responses of the defendant. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy or prejudice. Both the parties and the public expect that you will carefully and partially consider all of the evidence in the case and follow the law as stated by the court.

II.   COUNSEL ATTITUDE AND DIALOGUE:

Throughout the trial, there have been occasions when counsel for the parties have engaged in discussions between themselves or have made comments which reflect their feelings and attitudes towards the evidence, witnesses or toward the case as a whole. Whether you approve or disapprove of these remarks, or the lawyer who made them, it should not influence your consideration of the case. Likewise, do not draw any conclusions about the court's attitude from its rulings or from comments, which the court has made, or take those rulings as any indication of what the court feels about the issues under consideration at that time. Both the court and the lawyers are subject to certain rules of evidence, which are very strict at times. Counsel

have the duty to represent the interests of their clients with diligence and zeal, and that is what all counsel have been attempting to do. It is natural for you as individuals to form opinions regarding lawyers involved in this case, but I caution you to put aside any personal feelings about counsel or witnesses and confine your attention to the facts and issues before you as presented by the evidence.

III.     BURDEN OF PROOF:

The plaintiff has the burden of proving each of the material allegations contained in its Complaint by a preponderance of credible evidence. Nor burden rests upon the defendant to disprove any claim made by the plaintiff. It is not the responsibility or the duty of the defendant to <u>disprove</u> any allegation made by the plaintiff. The burden of proof imposed upon the plaintiff requires that you remove from your consideration all matters, which are merely guesses or speculation. You are not permitted to surmise, speculate or guess as to any of the material facts in this case. Each issue must be proven to you by the plaintiff by a fair preponderance of the evidence.

<u>Anderson v. Town of Ridgefield</u>, 4 Conn. App. 24, 28 (1985).

<u>Donovan v. Connecticut Company</u>, 84 Conn. 531, 534 9191).

<u>Snyder v. Pantaleo</u>, 143 Conn. 290, 294 (1956).

Where the plaintiff fails to make out a prima facie case, the defendant is not obligated to produce any evidence in support of its own case. In such a situation, the defendant is entitled to rely upon the insufficiencies of the plaintiff's case, and no unfavorable inferences may be drawn from the defendant's failure to produce any evidence.

<u>Dunn v. Santamauro</u>, 119 Conn. 307, 309 (1934).

The plaintiff, if he is to prevail at all, must prevail because of the strength of his case. He cannot prevail by reason of the weakness of the defendant's case. I repeat, the burden of proof in this proceeding, as in other actions of this sort, is upon the plaintiff to prove the material allegations of her complaint by a fair preponderance of the evidence.

> Thaw v. Fairfield, 132 Conn. 173, 179 (1945).

If you find that the evidence in this case is evenly balanced on any issue, it means that the plaintiff, who has the burden of proof on that issue, cannot prevail on it.

> Brodie v. Connecticut, 87 Conn. 363, (1913).

I instruct you that if the plaintiff has not offered any evidence on an allegation in his Complaint, or has not proven to you an allegation by a fair preponderance of the evidence, you shall disregard that allegation during the deliberations.

> Anderson v. Town of Litchfield, 4 Conn. App. 24, 28 (1985).

IV.   PROXIMATE CAUSE:

Even if you should find that the defendant was negligent, that would not necessarily afford the basis for recovery by the plaintiff. The plaintiff must go further: he must prove to you by a fair preponderance of the evidence that the negligence of the defendant John McKenna caused the injuries he claims to be suffering from today. Simply put, was the negligence of John McKenna a substantial factor in producing the injuries the plaintiff claims to be suffering from at this time. The general rule for determining when one fact or act may be regarded as the cause of another is consideration of whether or not the result or injury claimed was in the natural sequence of events, unbroken by any new or intervening cause, produced by that act of the defendant without which the injury would not have occurred. In order to find for the plaintiff in this regard, you must find that he has proved that his injuries were caused by the conduct of the

defendant as alleged separate from other causes or events either pre-existing of occurring subsequent to the accident in question.

> Smith vs. Conn. Ry. & Lighting Co., 80 Conn.268, 270 (1907)

In the case before us it is for you to determine whether the negligence of the defendant continued as a substantial factor in producing the plaintiff's injuries or whether there was an intervening cause, which entirely superseded it. If you find the latter to be the situation, the defendant cannot be held liable for those subsequent injuries.

> Collins vs. City National Bank & Trust Co., 131 Conn. 167, 171 (1944)
>
> Lopes vs. Conn. Light & Power Co., 145 Conn. 313 (1958)

V.  CONTRIBUTORY NEGLIGENCE:

If you find that the defendant John McKenna was negligent, then you would consider the special defense of contributory negligence. If you find that the defendants have established contributory negligence in one or more ways specified in the special defense, which contributory negligence was a substantial factor in causing the plaintiff's injuries, you will consider whether the contributory negligence of the plaintiff, John McKenna, was greater than the negligence of the defendant, John McKenna. If it was, then the plaintiff cannot recover. If, however, you find that the plaintiff's negligence is less than the negligence of John McKenna, then the plaintiff would be entitled to recover, in accordance with my explanation of the effect on awards of the percentage of negligence found by you to be attributable to each party.

In considering the circumstances surrounding the plaintiff, you are to remember that his conduct is to be judged in light of all the relevant facts he perceived or <u>ought to have</u> perceived in the exercise of care of an ordinarily prudent person. If you find that the plaintiff was

negligent, before the defendants can avail themselves of that negligence, they must also satisfy you that the negligence contributed to produce the injuries, that is, was a cause of them; and there again whether that negligence did cause the injuries is to be determined by the same test I explained to you with reference to the negligence of the defendants.

Smirnoff vs. McNerny, 112 Conn. 421, 426 (1930).

His negligence may have been too slight or inconsequential to be regarded. If you find that the accident would have happened, whether or not the plaintiff had been negligent, his negligence would not be a cause for the accident.

It is the plaintiff's duty to be watchful of his surroundings and to exercise ordinary care both to avoid dangers known to him and to discover dangers and conditions of danger to which he might become exposed.

Seabridge vs. Puli, 98 Conn. 297, 301 (1922).

The plaintiff's duty to exercise ordinary care to avoid injury includes the duty to exercise ordinary care to observe and appreciate danger or threaten danger, and the plaintiff is presumed to know and appreciate dangers, which, under the same or similar circumstances, would have been known or appreciated by an ordinarily prudent person.

Corriveau v. Associates Realty Corp., 122 Conn. 253, 258 (1936).

Of course, if you find that there was no negligence on the part of the defendants, you have no need to consider the question whether the plaintiff is guilty of contributory negligence, because, whether he was or not, he cannot recover.

It is the law of Connecticut that the operator of an automobile on the highway must have their vehicle under reasonable and proper control at all times and when reasonable care requires, they must reduce their speed or bring their car to a stop or turn it so as to avoid colliding with

other cars or objects on the highway. Generally speaking, a motor vehicle is under reasonable control when it can be slowed or stopped by the exercise of reasonable care in time to avoid collisions with other vehicles whose presence ought to have been reasonably appreciated by the operator.

Fishman vs. Scarpa, 149 Conn. 531 (1960)

In considering proper control, you must consider whether the plaintiff was traveling at a proper speed. The fact that the speed of a vehicle is lower than the posted speed limit does not relieve the operator from the duty of decreasing his speed when a special hazard shall exist with respect to other traffic, weather, or highway conditions.

Irwin vs. Judge, 81 Conn. 492, 500 (1909)

VI.   **EXPERT OPINION:**

The opinions of an expert witness are not in any way binding upon you. No matter what may be the expertness of the particular witness who states to you an opinion about a fact in the case, it is subject to be reviewed at your hands.

Now, in weighing and considering testimony of expert witnesses, in determining to what extent you will attach weight to the opinions which they gave, you are to apply them the same rules that you apply to any witness insofar as it relates to the interest, bias or prejudice, appearance and demeanor upon the witness stand, frankness and candor, and so forth.

Land Finance Corporation v. Menzies, 114 Conn. 694 (1932).

The value of the opinions they give necessarily depends upon the truth and completeness of the facts they utilize as a basis for their opinions. Therefore, if you find that the expert's opinions are based on subordinate facts, which have not been proven to you, or if any material

facts were omitted, the value of their opinions may be entirely destroyed or seriously affected. You may conclude that you should partially or entirely disregard them.

> Floyd v. Fruit Industries, Inc., 144 Conn. 659, 666 (1957)
>
> Nash v. Hunt, 166 Conn. 418, 425-428 (1974).

You are never obligated to accept the opinions of the witness, which it is in your power to accept or reject, as you agree or disagree with them, in whole or in part. For you are the ones who must ultimately decide the question. If, for example, you did not find an expert to be a credible witness, you may reject his opinion, regardless of whether you believe or disbelieve the subordinate facts upon which his opinion is based. It is for you to consider the expert's opinions with other circumstances in the case, and using your best judgment, determine whether or not you will give any weight to it, and if so, what weight you will give to it. In reaching your own conclusions, you should consider the expert's opinions in light of all of the testimony, which has been offered before you.

> Sibley v. Middlefield, 143 Conn. 100, 108 (1956)
>
> Floyd v. Fruit Industries, Inc., 145 Conn. 659, 667 (1957)
>
> Livingstone v. New Haven, 125 Conn. 123, 127 (1939)

VII.  DAMAGES:

Damages can only be awarded for those injuries, which the plaintiff has proven, by a fair preponderance of the evidence, and with a reasonable degree of medical probability, resulted from the negligent conduct of the defendant. It is only as you find this relation of proximate cause and effect between the negligent conduct of the defendant, which the plaintiff claims the

evidence shows and any one or more of the claimed results that you can consider the results as a basis for awarding damages.

If you find that the defendant through his negligence caused the plaintiff's injuries, you will award only such damages as will constitute fair, just and reasonable compensation for the injuries and damages, which have been proven.

>Rose vs. American Oil Company, 129 Conn. 585 (1943)

To be entitled to damages, the plaintiff must prove to you a causal relationship between the injury and the physical condition, which resulted from it. This causal connection must rest upon more than surmise or conjecture. You must find that the claimed injuries, expenses and disability arise from the trauma received in the accident with a reasonable degree of medical probability.

>THE DEFENDANT,
>Chase Manhattan Auto Finance Corporation
>
>By: _____
>Brian W. Smith
>BERCHEM, MOSES & DEVLIN
>75 Broad Street
>Milford, CT 06460
>Phone: (203) 783-1200
>Federal Bar: CT05720

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed on this 27th day of February 2004 to the following:

Joel Thomas Faxon
Stratton Faxon
59 Elm Street
New Haven, CT 06510

Thomas P. Cella
Howard, Kohn, Sprague & Fitzgerald
237 Buckingham Street
PO Box 261798
Hartford, CT 06126-1798

Kenneth G. Williams
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123

Brian Del Gatto, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3 Gannett Drive
White Plains, NY 10604

David Weil, Esq.
Sean D. Murphy, Esq.
Nuzzo & Roberts, LLC
One Town Center, PO Box 747
Cheshire, CT 06410

_____
Brian W. Smith