UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARL MARCHELLO | : | Civil Action No. |
| Plaintiff | : | 3:01CV2329 (PCD) |
| | : | |
| v. | : | |
| | : | |
| CHASE MANHATTAN AUTO | : | |
| FINANCE CORPORATION and | : | |
| JOHN McKENNA | : | |
| Defendants | : | February 27, 2004 |

**DEFENDANT CHASE MANHATTAN AUTO FINANCE CORPORATION
RESPONSE TO TRIAL PREPARATION ORDER (SECTION A)
OF PLAINTIFF, CARL MARCHELLO**

The plaintiff, Carl Marchello, hereby submits his Trial Preparation Order (Section A) in accordance with the scheduling order.

**SECTION A**

1. **CLAIMS OF FACT**

Defendant Chase Manhattan Auto Finance Corporation was and is the registered owner and lessor, pursuant to General Statute §14-154a, of a 1998 Toyota Avalon bearing Massachusetts registration 3686EI. **AGREE.**

On February 5, 2001, at approximately 12:31 p.m., the plaintiff Carl Marchello operated his 1996 Freightliner truck, southbound in the left lane on Interstate 95, between Exits 65 – 64, a public highway in Westbrook, Connecticut. At the same date and time, the defendant operator, John McKenna, was traveling southbound in the left lane on Interstate 95 in front of plaintiff Carl Marchello, between Exits 65 – 64, a public highway in Westbrook, Connecticut. The

defendant, John McKenna, was acting as the agent, servant, or employee of the defendant, Fair Isaac & Company, Inc. **AGREE.**

The defendant John McKenna lost control of his vehicle and veered toward the left shoulder and struck the Jersey barrier, then continued traveling southbound and swerved across the highway where he suddenly and violently collided with the Freightliner that the plaintiff, Carl Marchello, operated, causing the plaintiff to sustain serous, painful and permanent injuries. **DISAGREE, NO COUNTERING EVIDENCE.**

The collision and resultant injuries were caused by the reckless and negligent operation of the vehicle by defendant, John McKenna. **DISAGREE, AND TESTIMONY OF PLAINTIFF, WITNESSES AND INVESTIGATING OFFICERS WILL BE PRESENTED.**

As a result of the collision, the plaintiff, Carl Marchello, suffered, including but not limited to, the following serious and painful injuries, some or all of which are permanent in nature:

(a) Posterior central herniation at L4-L5.

(b) Moderate spinal stenosis L4-L5.

(c) Bilateral L5-S1 foraminal stenosis.

(d) Exploration of prior fusion and removal of old H-graft.

(e) Redo gill laminectomy at L5-S1.

(f) L4-L5 decompression with removal of ligamentum flavum.

(g) Anterior interbody fusion, L4-L5 with BAK cage.

(h) Anterior interbody fusion, L5-S1 with BAK cage.

(i) Bone graft taken from the left iliac crest.

(j) Physical and mental pain and anguish.

DISAGREE AND TESTIMONY OF PLAINTIFF AND TREATING PHYSICIANS WILL BE PRESENTED.

2.  **PROPOSED FINDINGS OF FACT**

    NONE.

3.  **CLAIMS OF LAW**

    The defendants are liable for the plaintiff's physical injuries as a result of John McKenna's improper operation of his vehicle. **DISAGREE, AND TESTIMONY OF PLAINTIFF, WITNESSES AND INVESTIGATING OFFICERS WILL BE PRESENTED.**

4.  **LIST OF EXHIBITS**

    Please see plaintiff's exhibit list attached hereto. **SEE RESPONSES ATTACHED HERETO.**

5.  **LIST OF WITNESSES**

    Please see plaintiff's witness list attached hereto.

6.  **DESCRIPTION OF EACH ITEM OF PROPOSED EVIDENCE**

    Medical records/bills – describes the plaintiff's injuries.

    Police Report – details the description of the subject incident.

    Tax returns – details the plaintiff's loss of earning capacity.

    Photographs of incident – a picture description of the incident.

    X-rays – depicts the hardware the plaintiff has in his back.

    **FOR EACH OF THE ABOVE, SEE RESPONSES ON THE ATTACHED PLAINTIFF'S EXHIBIT LIST.**

THE DEFENDANT,
Chase Manhattan Auto Finance Corporation


By:_____
    Brian W. Smith
    BERCHEM, MOSES & DEVLIN
    75 Broad Street
    Milford, CT 06460
    Phone: (203) 783-1200
    Federal Bar: CT05720

## CERTIFICATION OF SERVICE

      This is to certify that a copy of the foregoing was mailed on this 27th day of February 2004 to the following:

Joel Thomas Faxon
Stratton Faxon
59 Elm Street
New Haven, CT 06510

Thomas P. Cella
Howard, Kohn, Sprague & Fitzgerald
237 Buckingham Street
PO Box 261798
Hartford, CT 06126-1798

Kenneth G. Williams
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123

Brian Del Gatto, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3 Gannett Drive
White Plains, NY 10604

David Weil, Esq.
Sean D. Murphy, Esq.
Nuzzo & Roberts, LLC
One Town Center, PO Box 747
Cheshire, CT 06410

                                                                                   Brian W. Smith

## Carl Marchello
## Exhibit List

| | |
|---|---|
| 1 | Middlesex Medical Center – Records from admission of 02/05/01 |
| 2 | Middlesex Medical Center – bill from admission of 02/05/01 |
| 3 | Douglas Stagg, M.D. – records |
| 4 | Douglas Stagg, M.D. – bills |
| 5 | St. Luke's Wood River Medical Center – records from admission of 09/04/01 – 09/08/01 |
| 6 | St. Luke's Wood River Medical Center – bills from admission of 09/04/01 – 09/08/01 |
| 7 | David Hanscom – records |
| 8 | David Hanscom – bills |
| 9 | Magic Valley Regional Medical Center – records of physical therapy 04/16/01 – 05/14/01 and 01/11/02 – 03/18/02 |
| 10 | Magic Valley Regional Medical Center – bills of physical therapy 04/16/01 – 05/14/01 and 01/11/02 – 03/18/02 |
| 11 | Magic Valley Regional Medical Center – records of MRI of 03/14/01 |
| 12 | Magic Valley Regional Medical Center – bill of MRI of 03/14/01 |
| 13 | Ted Rea, M.D. – records |
| 14 | Ted Rea, M.D. – bills |
| 15 | Southern Idaho Pain Institute – records |
| 16 | Southern Idaho Pain Institute – bills |
| 17 | Medical Bill Summary |
| 18a – 18e | Tax returns of Carl Marchello |

        a. tax return 1998
        b. tax return 1999

        c. tax return 2000
        d. tax return 2001
        e. tax return 2002

19        Dr. David Hanscom's report dated 04/13/03

**AGREE TO ALL ABOVE AND BELOW EXCEPT WHERE NOTED.**

20        Connecticut State Police Report of 02/05/01 #F01-044974

**DISAGREE, HEARSAY.**

21        Statement of Matthew Buchanan – witness

**DISAGREE, HEARSAY.**

22a – 22l        12 State Police Photographs of plaintiff's truck and defendant's vehicle

    a. I-95 s/b view looking south. TT(veh#2) on left shoulder break down lane. Veh#1, (red car across highway) across left lane of I-95. Veh#3(TT) barely visible stopped on right break down lane. Right lane traffic moving.
    b. Closer view of Veh#1 across left lane of two-lane roadway, Veh#2(TT) stopped on left shoulder break down lane.
    c. Veh#2 at final rest on left shoulder (right side of picture) break down lane. Veh#1 at final rest.
    d. Veh#2, front-end damage.
    e. Veh#2, wheel nut damage from impact with Jersey barrier fiberglass and paint worn off by edge of headlight, matches impact with Jersey barrier.
    f. Veh#1, Veh#2 visible on left portion of photo.
    g. Veh#1, front end.
    h. Veh#3, rear axles of trailer.
    i. Veh#3, front half of vehicle #3.
    j. Veh#3, front end.
    k. Veh#3, closer view of right corner of front bumper.
    l. Veh#3, underside of trailer showing left rear tandem axle and damage to tandem axle slide release lever.

23        X-rays of the plaintiff

## *MARCHELLO V. CHASE MANHATTAN, ET AL*
Docket No. 3:01 CV2329(PCD)

### PLAINTIFF'S LIST OF WITNESSES AT TRIAL

| 1 | Carl Marchello | Plaintiff |
|---|---|---|
| 2 | Dr. David Hanscom<br>1600 EAST JEFFERSON<br>SEATTLE, WA | Plaintiff's treating physician will testify concerning the injuries suffered by the plaintiff as a result of the automobile collision that occurred on 2/5/01. |
| 3 | Trooper Julie Martin | Connecticut State Police, Troop F, will describe the incident involving the plaintiff and the vehicle operated by the defendant as set forth in the police report. |
| 4 | Trooper Michael Reidy | Connecticut State Police, Troop F, will describe the incident involving the plaintiff and the vehicle operated by the defendant as set forth in the police report. |
| 5 | Trooper Mark Gelvin | Connecticut State Police, Troop F, will describe the incident involving the plaintiff and the vehicle operated by the defendant as set forth in the police report. |
| 6 | Sgt. Ralph Chappell | Connecticut State Police, Troop F, will describe the incident involving the plaintiff and the vehicle operated by the defendant as set forth in the police report. |
| 7 | John McKenna | Defendant |

**THE EXTENT THE PLAINTIFF WILL ATTEMPT TO USE THE POLICE OFFICERS AS EXPERT WITNESSES, THE UNDERSIGNED DISAGREES ON THE BASIS THAT THEY HAVE NOT BEEN DISCLOSED AS EXPERTS, THEY HAVE NO QUALIFICATIONS BEYOND THE KNOWLEDGE OF AVERAGE JURORS THAT WOULD ALLOW THEM TO TESTIFY AS EXPERTS AND THEY ARE NOT QUALIFIED TO TESTIFY AS TO THE ULTIMATE ISSUE OF NEGLIGENCE.**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARL MARCHELLO | : | Civil Action No. |
| Plaintiff | : | 3:01CV2329 (PCD) |
| | : | |
| v. | : | |
| | : | |
| CHASE MANHATTAN AUTO | : | |
| FINANCE CORPORATION and | : | |
| JOHN McKENNA | : | |
| Defendants | : | February 27, 2004 |

**DEFENDANT CHASE MANHATTAN AUTO FINANCE CORPORATION
RESPONSE TO TRIAL PREPARATION ORDER (SECTION A)
OF PLAINTIFF, YARMANE TRANSPORT**

The Intervening Plaintiff, Yarmane Transport, submits its Section A Trial Preparation Order compliance.

I.  **CLAIMS OF FACT PROPOSED FOR STIPULATION AS UNDISPUTED:**

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1391, diversity of citizenship. **AGREE.**

2. The plaintiff was traveling on Interstate 95 in Westbrook, Connecticut at the time of the alleged incident. **AGREE.**

3. The defendant, John McKenna, lost control of his vehicle and veered toward the left shoulder of the highway striking the Jersey barrier. **DISAGREE, NO COUNTERING EVIDENCE.**

4. The plaintiff, unable to stop in time struck Mr. McKenna's vehicle and sustained an injury to his back. **DISAGREE, NO COUNTERING EVIDENCE.**

5. Mr. McKenna then swerved across the highway and collided with a tractor-trailer driven by Matthew Buchanan. **DISAGREE, NO COUNTERING EVIDENCE.**

6. At the time of the accident, the highway was slick due to the snow that was falling. **AGREE.**

7. According to the police report and witness statements, Mr. McKenna was speeding prior to losing control of his vehicle. **DISAGREE, NO COUNTERING EVIDENCE.**

8. At the time of the accident, the plaintiff was employed by and in the course of his employment with Yamane Transport, Inc., the intervening plaintiff. **AGREE.**

9. The plaintiff filed a workers' compensation claim in Idaho. **NO KNOWLEDGE, NO COUNTERING EVIDENCE.**

10. The intervening plaintiff made payments from February 27, 2001 through April 25, 2003. **NO KNOWLEDGE, NO COUNTERING EVIDENCE.**

11. The intervening plaintiff has a lien totaling $107,863.38. **NO KNOWLEDGE, NO COUNTERING EVIDENCE.**

## II. PROPOSED FINDINGS OF FACT:

The intervening plaintiff paid $107,863.38 in benefits for the plaintiff's injuries resulting from this accident. A complete listing of the payments made by the intervening plaintiff will be presented. **NO KNOWLEDGE, NO COUNTERING EVIDENCE.**

## III. CLAIMS OF LAW:

The intervening plaintiff is entitled to subrogation to the rights of the employee to be reimbursed to the extent of its lien. The intervening plaintiff is entitled to subrogation pursuant to the laws of Idaho where the plaintiff filed the workers' compensation claim. Specifically, Idaho Workers' Compensation Law §72-223 governs third-party liability and the employer's right to be reimbursed for its lien from the amount of the plaintiff recovers in this lawsuit. **DISAGREE, §72-223 DOES NOT ALLOW FOR INTERVENTION BY EMPLOYER IN**

ITS OWN NAME.  ADDITIONALLY, INTERVENING PLAINTIFF HAS FAILED TO COMPORT WITH CONNECTICUT GENERAL STATUTES §31-293, IN THAT THE MOTION TO INTERVENE IS UNTIMELY.

IV. **PROPOSED EXHIBITS**:

Printout of all payments, medical and indemnity, made on the plaintiff's behalf totaling $107,863.38.  **UNABLE TO AGREE OR DISAGREE AS THE PROPOSED DOCUMENTS HAVE NOT BEEN PRODUCED.**

V. **WITNESSES TO BE CALLED**:

The intervening plaintiff expects to call the same witnesses as the plaintiff.  **SEE RESPONSES TO PLAINTIFF'S LIST OF WITNESSES.**

VI. **PROPOSED EVIDENCE**:

The intervening plaintiff intends to submit a listing of all the medical payments and indemnity payments made on behalf of the plaintiff.  **UNABLE TO AGREE OR DISAGREE AS THE PROPOSED DOCUMENTS HAVE NOT BEEN PRODUCED.**

THE DEFENDANT,
Chase Manhattan Auto Finance Corporation

By: /s/ Brian W. Smith
Brian W. Smith
BERCHEM, MOSES & DEVLIN
75 Broad Street
Milford, CT 06460
Phone: (203) 783-1200
Federal Bar: CT05720

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed on this 27th day of February 2004 to the following:

Joel Thomas Faxon
Stratton Faxon
59 Elm Street
New Haven, CT 06510

Thomas P. Cella
Howard, Kohn, Sprague & Fitzgerald
237 Buckingham Street
PO Box 261798
Hartford, CT 06126-1798

Kenneth G. Williams
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123

Brian Del Gatto, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3 Gannett Drive
White Plains, NY 10604

David Weil, Esq.
Sean D. Murphy, Esq.
Nuzzo & Roberts, LLC
One Town Center, PO Box 747
Cheshire, CT 06410

_____
Brian W. Smith