UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARL MARCHELLO, : | CIVIL ACTION No. 3:01cv2329 (PCD) |
| Plaintiff : | |
| : | |
| VS. : | |
| : | |
| CHASE MANHATTAN AUTO, : | |
| FAIR ISAAC & COMPANY, INC., : | |
| Defendants : | FEBRUARY 27, 2004 |

**DEFENDANT FAIR ISAAC & COMPANY, INC.'S SECTION C
COMPLIANCE WITH PLAINTIFF'S TRIAL PREPARATION ORDER**

The Defendant Fair Isaac & Company, Inc. hereby submits its compliance with Plaintiff's Trial Preparation Order (Section C) in accordance with the Scheduling Order.

**A1.   CLAIMS OF FACT:**

1. Defendant Chase Manhattan Auto Finance Corporation was and is the registered owner and lessor, pursuant to General Statutes § 14-154a, of a 1998 Toyota Avalon bearing Massachusetts registration 3686EI.

**Agreement.**

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361         FACSIMILE (860) 525-4849         JURIS No. 24029

2.      On February 5, 2001, at approximately 12:31 p.m., the Plaintiff Carl Marchello operated his 1996 FreightLiner truck, southbound in the left lane on Interstate 95, between Exits 65-64, a public highway in Westbrook, Connecticut. At the same date and time, the Defendant operator, John McKenna, was traveling southbound in the left lane on Interstate 95 in front of the Plaintiff Carl Marchello, between Exits 65-64, a public highway in Westbrook, Connecticut. The Defendant, John McKenna, was acting as the agent, servant, or employee of the Defendant, Fair Isaac & Company, Inc.

**The Defendant is in agreement that at about that time and place, the Plaintiff and Defendant McKenna were operating their described vehicles on I-95 southbound. The Defendant is in agreement that the Defendant McKenna was acting as the agent, servant, or employee of the Defendant Fair Isaac & Company, Inc. As to precisely how the accident happened, this Defendant cannot agree or disagree because this Defendant was not there and their employee McKenna has no memory of the accident due to a head injury.**

3.      The Defendant, John McKenna, lost control of his vehicle and veered toward the left shoulder and struck the jersey barrier, then continued traveling southbound and swerved across the highway where he suddenly and violently collided with the FreightLiner that the Plaintiff, Carl Marchello, operated, causing the Plaintiff to sustain serious, painful and permanent injuries.

**As to precisely how the accident happened, this Defendant cannot agree or disagree because this Defendant was not there and their employee McKenna has no memory of the accident due to a head injury.**

4.      The collision and resultant injuries were caused by the reckless and negligent operation of the vehicle by Defendant, John McKenna.

**As to precisely how the accident happened, this Defendant cannot agree or disagree because this Defendant was not there and their employee McKenna has no memory of the accident due to a head injury. The Defendant does disagree that this accident was caused by the sole negligence of the Defendant McKenna in that there is evidence that the Plaintiff's negligence contributed to the accident in that in his deposition, he testified that there were 2 to 3 inches of snow on the road (deposition at p. 56); the road had not been plowed or sanded (deposition at p. 56); the road conditions were slick (deposition at p. 56); and, he was driving a tractor-trailer truck 55 to 60 miles an hour (deposition at p. 63).**

5.      As a result of the collision, the Plaintiff, Carl Marchello, suffered, including, but not limited to, the following serious and painful injuries, some or all of which are permanent in nature:

   a.   posterior central herniation at L4-L5;

   b.   moderate spinal stenosis L4-L5;

   c.   bilateral L5-S1 foraminal stenosis;

   d.   exploration of prior fusion and removal of old H-graft;

   e.   redo gill laminectomy at L5-S1;

   f.   L4-L5 decompression with removal of ligamentum flavum;

   g.   anterior interbody fusion, L4-L5 with BAK cage;

   h.   anterior interbody fusion, L5-S1 with BAK cage;

      i.      bone graft taken from the left iliac crest; and

      j.      physical and mental pain and anguish.

**The Defendant cannot agree or disagree to the Plaintiff's specific claimed lumbar injuries; these are issues for the jury to determine based upon the Plaintiff's medical records, and Dr. Hanscom's testimony. As to the claimed 5(a) herniation at L4-L5 and 5(b) and 5(c) relative to stenosis, the Defendant disagrees based upon Dr. Hanscom's videotaped deposition of 2/27/04.**

**A2.   PROPOSED FINDINGS OF FACT:**

    None submitted.

**A3.   CLAIMS OF LAW:**

    As a matter of law, the Defendant does not disagree with this proposition _if_ the Plaintiff proves that McKenna's negligence caused certain physical injuries.

**A4.   LIST OF EXHIBITS:**

    The Defendant is in agreement as to all exhibits (1-23) except as to exhibits 20 and 21. As to Exhibit 20, the Police Report, the Defendant does not object to the admission of the report; however, certain sections should be redacted:

      a.      the statements and description of the accident by Carl Marchello and Matthew Buchanan are hearsay under Federal Rules of Evidence 801 and 802, unless the Defendants offer Marchello's statement under Rule 801(d)(2).

      b.      the police officers' description of how the accident happened and drawing of how the accident happened should be redacted in that such information is not based upon his observations but on the hearsay statements of Marchello and Buchanan. Federal Rules of Evidence 801, 802 and 803.

**A5.    LIST OF WITNESSES:**

This Defendant is in agreement that Dr. Hanscom is a qualified spinal surgery expert. As to the police officers, Martin, Reidy, Gelvin and Chappell, this Defendant is in agreement that they can each testify as to their personal observations at the scene of the accident; however, these witnesses are not qualified to provide expert accident reconstruction testimony as to how the accident happened.

**A6.    DESCRIPTION OF PROPOSED EVIDENCE:**

    a.    Medical records/bills – describes the Plaintiff's injures.
        **Agreement.**

    b.    Police Report – details the description of the subject incident.
        **Disagreement: As to Exhibit 20, the Police Report, the Defendant does not object to the admission of the report; however, certain sections should be redacted:**

        a.    **the statements and description of the accident by Carl Marchello and Matthew Buchanan are hearsay under Federal Rules of Evidence 801 and 802 unless the Defendants offer Marchello's statement under Rule 801(d)(2).**

        b.    **the police officers' description of how the accident happened and drawing of how the accident happened should be redacted in that such information is not based upon his observations but on the hearsay statements of Marchello and Buchanan. Federal Rules of Evidence 801, 802 and 803.**

    c.    Tax returns – details the Plaintiff's loss of earning capacity.
        **Agreement.**

    d.    Photographs of incident – a picture description of the incident.
        **Agreement.**

    e.    X-rays – depicts the hardware the Plaintiff has in his back.
        **Agreement.**

**C7.   JURISDICTION:**

Diversity.

**C8.   NATURE OF CASE:**

The Plaintiff seeks monetary damages for low back injuries allegedly caused by the negligence of the Defendant McKenna.

**C9.   VOIR DIRE QUESTION:**

1. Have you or anyone close to you suffered from neck or low back problems?

2. Have you or anyone close to you have treated with an orthopedic or neurosurgeon.

3. Have you or anyone close to you have had spinal surgery?

**C11.   WRITTEN OPENING STATEMENT:**

The Defendant Fair Isaac & Company, Inc., headquartered in San Rafael, California, employed the Defendant John McKenna in a sales and marketing role relative certain financial services. The Defendant McKenna was in the course of his employment at the time of the accident; he was traveling to GE in Stamford, Connecticut in his own leased vehicle at the time of the accident.

**C11. JURY INSTRUCTIONS:**

A.   If you find that the Defendant McKenna acted recklessly and award punitive damages or double or treble damages; under the law, the Defendant leasing company Chase Manhattan can be found liable for such damages, the Defendant employer, Fair Isaac & Company, Inc., cannot be held liable for such damages. *Matthiessen v. Vanech*, Connecticut Supreme Court #16845, issued 12/16/03.

B.   If you find that the Plaintiff's contributory negligence was less than or equal to the negligence of the Defendant, then you would apply the doctrine of comparative negligence. That is, if you find that the Plaintiff's contributory negligence was less than or equal to the Defendant's negligence causing the accident, then you must conclude that the Plaintiff's negligence does not operate as a bar to recovery by him, but that his damages ought to be diminished.

Now, to summarize what I've just said and state it in another way, if you find that [the plaintiff], himself, was negligent and that his negligence was a proximate cause of his own injuries, you must consider what is known as the comparative negligence, contributory negligence shall not bar recovery in an action by a Plaintiff to recover damages for injury if his negligence was not greater than the negligence of the Defendant. But, any damages allowed to

the Plaintiff under those circumstances shall be diminished in proportion to the percentage of any negligence attributable to her. Connecticut Jury Instructions, Fourth Edition 536A.

THE DEFENDANT,
**Fair Isaac & Company, Inc.**

By_____
Kenneth G. Williams
Fed. Bar No. ct05725
GORDON, MUIR and FOLEY, LLP
10 Columbus Boulevard
Hartford, CT  06106

## CERTIFICATION

This is to certify that a copy of the foregoing was faxed and mailed to the following counsel of record on this 27th day of February, 2004:

Joel T. Faxon, Esq.
KOSKOFF, KOSKOFF & BIEDER, P.C.
350 Fairfield Avenue
Bridgeport, CT  06604

Thomas P. Cella, Esq.
HOWARD, KOHN, SPRAGUE & FITZGERALD
P.O. Box 261798
Hartford, CT  06126

Stephen P. Brown, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN
 & DICKER
One Stamford Plaza
263 Tresser Boulevard, 9th Flr.
Stamford, CT  06901

Brian W. Smith, Esq.
BERCHEM, MOSES & DEVLIN, P.C.
75 Broad Street
Milford, CT  06460

David J. Weil, Esq.
NUZZO & ROBERTS, LLC
One Town Center
P.O. Box 747
Cheshire, CT  06410

_____
Kenneth G. Williams
Gordon, Muir and Foley, LLP