FILED
FEB 27  1 43 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARL MARCHELLO, <br> Plaintiff | CIVIL ACTION No. 3:01cv 2329 (PCD) |
| VS. | |
| CHASE MANHATTAN AUTO, <br> FAIR ISAAC & COMPANY, INC., <br> Defendants | FEBRUARY 27, 2004 |

### DEFENDANT FAIR ISAAC & COMPANY, INC.'S SECTION C COMPLIANCE WITH INTERVENING PLAINTIFF YARMANE TRANSPORT'S TRIAL PREPARATION ORDER

The Defendant Fair Isaac & Company, Inc. hereby submits its Section C Compliance to Intervening Plaintiff Yarmane Transport's Trial Preparation Order in accordance with the Scheduling Order.

### I. CLAIMS OF FACT PROPOSED FOR STIPULATION AS UNDISPUTED:

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1391, diversity of citizenship.

**Agreement.**

2. The Plaintiff was traveling on Interstate 95 in Westbrook, Connecticut at the time of the alleged incident.

**Agreement.**

3. The Defendant, John McKenna, lost control of his vehicle and veered toward the left shoulder of the highway striking the jersey barrier.

**Disagreement; as to precisely how the accident happened, this Defendant cannot agree or disagree because this Defendant was not there and their employee McKenna has no memory of the accident due to a head injury.**

4. The Plaintiff, unable to stop in time, struck Mr. McKenna's vehicle and sustained an injury to his back.

**Disagreement; as to precisely how the accident happened, this Defendant cannot agree or disagree because this Defendant was not there and their employee McKenna has no memory of the accident due to a head injury.**

5. Mr. McKenna then swerved across the highway and collided with a tractor-trailer driven by Matthew Buchanan.

**Disagreement; as to precisely how the accident happened, this Defendant cannot agree or disagree because this Defendant was not there and their employee McKenna has no memory of the accident due to a head injury.**

6. At the time of the accident, the highway was slick due to the snow that was falling.

**Agreement.**

7. According to the police report and witness statements, Mr. McKenna was speeding prior to losing control of his vehicle.

**Disagreement; as to precisely how the accident happened, this Defendant cannot agree or disagree because this Defendant was not there and their employee McKenna has no memory of the accident due to a head injury; additionally, such information is inadmissible hearsay.**

8. At the time of the accident, the Plaintiff was employed by and in the course of his employment with Yamane Transport, Inc., the Intervening Plaintiff.

**Agreement.**

9. The Plaintiff filed a workers' compensation claim in Idaho.

**Agreement.**

10. The Intervening Plaintiff made payments from February 27, 2001 through April 25, 2003.

**Agreement.**

  11. The Intervening Plaintiff has a lien totaling $107,863.38.

**Agreement.**

## II. PROPOSED FINDINGS OF FACT:

The Intervening Plaintiff paid $107,863.38 in benefits for the Plaintiff's injuries resulting from this accident. A complete listing of the payments made by the Intervening Plaintiff will be presented.

**Agreement.**

## III. CLAIMS OF LAW:

The Intervening Plaintiff is entitled to subrogation to the rights of the employee to be reimbursed to the extent of its lien. The Intervening Plaintiff is entitled to subrogation pursuant to the laws of Idaho where the Plaintiff filed the workers' compensation claim. Specifically, Idaho Workers' Compensation Law §72-223 governs third party liability and the employer's right to be reimbursed for its lien from the amount the Plaintiff recovers in this lawsuit.

**Agreement as to the law cite; however, the Plaintiff must prove liability.**

## IV. PROPOSED EXHIBITS:

Printout of all payments, medical and indemnity, made on the Plaintiff's behalf totaling $107,863.38.

**Agreement.**

V.     **WITNESSES TO BE CALLED:**

The Intervening Plaintiff expects to call the same witnesses as the Plaintiff.

**This Defendant is in agreement that Dr. Hanscom is a qualified spinal surgery expert. As to the police officers, Martin, Reidy, Gelvin and Chappell, this Defendant is in agreement that they can each testify as to their personal observations at the scene of the accident; however, these witnesses are not qualified to provide expert accident reconstruction testimony.**

VI.    **PROPOSED EVIDENCE:**

The Intervening Plaintiff intends to submit a listing of all the medical payments and indemnity payments made on behalf of the Plaintiff.

**Agreement.**

                                    THE DEFENDANT,
                                    **Fair Isaac & Company, Inc.**

                                    By_____
                                    Kenneth G. Williams
                                    Fed. Bar No. ct05725
                                    GORDON, MUIR and FOLEY, LLP
                                    10 Columbus Boulevard
                                    Hartford, CT  06106

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the following counsel of record on this 27th day of February, 2004:

Joel T. Faxon, Esq.
KOSKOFF, KOSKOFF & BIEDER, P.C.
350 Fairfield Avenue
Bridgeport, CT  06604

Thomas P. Cella, Esq.
HOWARD, KOHN, SPRAGUE & FITZGERALD
P.O. Box 261798
Hartford, CT  06126

Stephen P. Brown, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN
 & DICKER
One Stamford Plaza
263 Tresser Boulevard, 9th Flr.
Stamford, CT  06901

Brian W. Smith, Esq.
BERCHEM, MOSES & DEVLIN, P.C.
75 Broad Street
Milford, CT  06460

David J. Weil, Esq.
NUZZO & ROBERTS, LLC
One Town Center
P.O. Box 747
Cheshire, CT  06410

Kenneth G. Williams
Gordon, Muir and Foley, LLP