FILED
Feb 27  11 19 AM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CARL MARCHELLO | : | CIVIL ACTION NO. |
| | : | 3:01 CV 2329(PCD) |
| vs. | : | |
| | : | |
| CHASE MANHATTAN, ET AL | : | FEBRUARY 27, 2004 |

**TRIAL PREPARATION ORDER (SECTION C)**

The plaintiff, Carl Marchello, hereby submits his Trial Preparation Order (Section C) in accordance with the scheduling order.

**SECTION C**

I.   COUNSEL

   FOR PLAINTIFF CARL MARCHELLO

   Joel T. Faxon
   Federal Bar No. ct16225
   Stratton Faxon
   59 Elm Street
   New Haven, CT 06510
   (203) 624-9500
   (203) 624-9100
   jfaxon@strattonfaxon.com

II.   JURY/NONJURY TRIAL

   The plaintiff requests a jury trial on all issues.

III.   LENGTH OF TRIAL

   The plaintiff estimates that his portion of the trial of this action will take approximately 2 full days.

IV.   TRIAL BY MAGISTRATE

   The plaintiff agrees to trial of this action by a Magistrate Judge.

1

V.    FURTHER PROCEEDINGS

   None.

VI    SETTLEMENT CONFERENCE

   All parties participated in a private mediation session on February 23, 2004. All lawyers agreed to recommend a settlement figure to their clients. All parties have consented to a settlement of the case except for Chase Manhattan. Chase Manhattan is the only party that did not respond in any way to the settlement recommendation.

VII.   This matter is based on diversity jurisdiction.

VIII.  This is an action for personal injuries arising out of a motor vehicle collision claiming damages for negligent and reckless operation.

IX.    Attached.

X.     Attached. The plaintiff requests the right to present an opening statement pursuant to D. Conn. L. Civ. R. 83.4.

XI.    Attached.

                                    THE PLAINTIFF

                                    By: _____
                                    JOEL T. FAXON  ct 16255
                                    STRATTON FAXON
                                    59 ELM STREET
                                    NEW HAVEN, CT 06510
                                    Tel: (203)624-9500
                                    Fax:(203)624-9100

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed, postage prepaid, on this date to:

Thomas P. Cella, Esq.
Howard, Kohn, Sprague & FitzGerald, LLP
237 Buckingham Street
Hartford, CT 06126-0896

Kenneth G. Williams, Esq.
Gordon, Muir & Foley, LLP
10 Columbus Boulevard
Hartford, CT 06106

Stephen P. Brown, Esq.
Wilson Elser Moskowitz Edelman & Dicker
3 Gannett Drive
White Plains, New York 10604

Brian Smith, Esq.
Berchem, Moses & Devlin, P.C
75 Broad Street
Milford, CT 06460

David J. Weil, Esq.
Nuzzo & Roberts, L.L.C.
One Town Center, PO Box 747
Cheshire, CT 06410

                                                    JOEL T. FAXON

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARL MARCHELLO<br>　　Plaintiff | CIVIL ACTION NO.<br>3:01CV2329 (PCD) |
| VS. | |
| CHASE MANHATTAN AUTO FINANCE<br>CORPORATION; JOHN MCKENNA and<br>FAIR ISSAC COMPANY, INC.<br>　　Defendants | FEBRUARY 27, 2004 |

## PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

1. Are you affiliated with any of the defendants, or any company in the insurance industry or any company that investigates claims?

2. Do you have any feelings about lawsuits or people that bring or defend lawsuits?

3. Have you ever been in an automobile accident, or do you know people who have been injured or otherwise involved in an automobile accident?

4. Do you have any feelings about truck drivers?

5. Do you have any strong feelings about punitive damages—damages awarded not to compensate the victim but to punish the wrongdoer?

6. Could you award punitive damages against the driver of a vehicle if he drove recklessly?

7. Does anyone here have any feelings about compensatory damages—monies that compensate the injured person for medicals, wages, disability, loss of health, pain, and disfigurement?

8. Does anyone have any strong feelings about the jury deciding both liability and damages?

9. Does anyone feel that the jury system is not a valid or appropriate or best way to resolve civil cases?

10. Does anyone here believe that the system is out of control and favors either one side or the other at the outset?

11. Is there anyone here who believes that regardless as to how much damage has been suffered there ought to be a artificial cap/or floor on the amount of allowable damages?

12. Is there anyone here who is angry about being asked to serve?

13. Is there anyone here who believes that they will not be a fair judge of this case either because of a natural prejudice or religious or philosophical or political beliefs?

14. Is there anyone here who believes that they will garner a financial benefit if they find for the plaintiff? Or a financial hardship if they find against the defendant?

15. Is there anyone here that has suffered a back injury or anyone close to you that has suffered a back injury? Anyone had back surgery?

16. Is there anyone here that has previously been involved in litigation?

THE PLAINTIFF,

BY: *(signature)*

JOEL T. FAXON
Federal Juris No. ct16255
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT 06510
Tel.#(203)624-9500
Fax#(203)624-9100

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARL MARCHELLO<br>Plaintiff | : CIVIL ACTION NO.<br>: 3:01CV2329 (PCD)<br>: |
| VS. | : |
| CHASE MANHATTAN AUTO FINANCE<br>CORPORATION; JOHN MCKENNA and<br>FAIR ISSAC COMPANY, INC.<br>Defendants | :<br>:<br>:<br>: FEBRUARY 27, 2004 |

## STATEMENT OF THE CASE

This matter involves a motor vehicle crash on I-95 southbound in Westbrook on February 5, 2001 in the early afternoon. The plaintiff, Carl Marchello, from Twin Falls, Idaho, was driving a truck loaded with potatoes southbound in a snowstorm when he was passed by a Toyota driven by John McKenna, the defendant in the case. Mr. McKenna, who was traveling about 70 miles an hour, lost control in the snow and his vehicle came to a rest across the lanes of travel after spinning around several times. Mr. Marchello attempted to stop his truck but was unable. He struck Mr. McKenna's vehicle that was blocking the highway at about 40 miles per hour.

At the time of the crash, Mr. McKenna was operating a vehicle that was leased by defendant Chase. He was working for the defendant Fair Isaac and was headed for a scheduled sales appointment in Stamford with his client General Electric. Under our law both Chase and Fair Isaac are liable for the actions of Mr. McKenna.

At the time of the collision Mr. Marchello was thrown around the cab of the truck. Mr. Marchello was taken by ambulance to the hospital and discharged. During that night, at the hotel, he developed severe pain in his back. Mr. Marchello's truck was repaired immediately but, as a result of his injury, he had to call his safety director to fly out to Connecticut to pick him up and drive the rig back to Idaho. Subsequently, Mr. Marchello was advised to have surgery on his low back, by Dr. David Hanscom, an orthopedic surgeon in Idaho who now practices in Seattle. You will see Dr. Hanscom's testimony by videotape from Seattle. In the fall of 2001, Mr. Marchello had a lumbar spine fusion from L4 to the sacrum performed by Dr. David Hanscom. At that time steel cages were placed in his back along with screws to secure and maintain the fusion. Mr. Marchello was out of work from the date of the accident until May, 2002, when he was released by his doctor to return to work driving truck. Mr. Marchello claims he suffered lost wages and incurred medical bills during this time, as a result of the defendant's improper operation of the vehicle.

Mr. Marchello had a prior spinal fusion in 1985. Mr. Marchello had no difficulties with his back subsequent to that fusion and had not sought any care from a physician for back pain since that time. He has repeatedly passed his DOT physicals that are necessary for maintaining a commercial trucking license. Dr. Hanscom will testify as to the effect of the collision on Mr. Marchello's back and his future prognosis.

Mr. Marchello is 44 years old and has two children. Prior to the accident Mr. Marchello enjoyed building race cars and racing at a speedway in Idaho in addition to long haul trucking. He no longer races or builds cars. While he still drives, the frequency with which he drives long hauls had diminished. Since

the accident he has stopped unloading the truck at destinations. The loads are now considered "no touch" meaning others have to unload them. He continues to take prescription anti-inflammatory medications for his low back, neck and shoulder pain and regularly experiences pain, which is usual when a prior fusion has broken down.

To date Mr. Marchello has incurred about $68,000 in medical expenses and claims lost wages in the past and into the future. In addition, Mr. Marchello claims he has a permanent disability, has experienced pain and continues to suffer physical effects from the collision.

THE PLAINTIFF,

BY: *(signature)*

JOEL T. FAXON
Federal Juris No. ct16255
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT 06510
Tel.#(203)624-9500
Fax#(203)624-9100

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARL MARCHELLO : CIVIL ACTION NO.
    Plaintiff : 3:01CV2329 (PCD)
   :
VS. :
   :
CHASE MANHATTAN AUTO FINANCE :
CORPORATION; JOHN MCKENNA and :
FAIR ISSAC COMPANY, INC. :
    Defendants : FEBRUARY 27, 2004

**REQUESTS TO CHARGE AND JURY INTERROGATORIES/VERDICT FORMS**

The plaintiff in the above entitled matter hereby respectfully requests that the Court give instructions to the jury in accordance with the following jury charge and to submit the jury interrogatories and verdict form attached hereto.

THE PLAINTIFF,

BY: _____
JOEL T. FAXON
Federal Juris No. ct16255
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT 06510
Tel.#(203)624-9500
Fax#(203)624-9100

1

1. **RECKLESSNESS – GENERAL STATUTES § 14-295**

The plaintiff brought this action because he believes that Mr. McKenna operated his vehicle recklessly and that the reckless operation was a substantial factor in causing Mrs. Coughlin's death. There is a statute that has been passed by the Connecticut legislature that gives victims of reckless driving the right to seek double or triple damages against the reckless driver in the event that the driver causes damages to the plaintiff. General Statutes § 14-295.

We have another statute in Connecticut that provides that no person shall operate any motor vehicle upon any public highway of the state recklessly, having regard to the width, traffic and use of such highway, the intersection of streets and the weather conditions. A person operates a motor vehicle recklessly when that person does so knowing or having reason to know of facts which create a high degree of risk of physical harm to another and deliberately proceeds to act in conscious disregard of, or with indifference to, that risk. A person may also operate a motor vehicle recklessly when that person does so knowing or having reason to know of facts which create a high degree of risk involved, although a reasonable person in the same circumstances would realize or appreciate that risk. In addition to this general definition of reckless driving, the statute further describes a specific forms of reckless operation of a motor vehicle that constitute reckless driving as a matter of law, that is operation of a motor vehicle upon any public highway at such a rate of speed as to endanger the life of any person other than the operator of the motor vehicle.

Recklessness is proven if the evidence shows that the defendant operated his vehicle either with

2

knowledge that his actions would involve serious danger to others or with knowledge of facts which would disclose the danger to any reasonable person.

<u>Mooney v. Wabrek</u>, 129 Conn. 302, 308 (1942);

General Statutes § 14-222; Connecticut Pattern Jury Instruction 2-12

Wright & Ankerman, Connecticut Jury Instructions § 610, p. 976-77.

  In particular, the plaintiff has alleged that, the defendant, John McKenna, operated his motor vehicle with reckless disregard of the rights and safety of others using the highway, including the plaintiff, in violation of one or more of General Statutes §§ 14-218a, 14-219, 14-222, by operating at an excessive speed during snowy conditions, exceeding the posted speed limit, and thereby operating his vehicle at a speed that was unseasonable due to weather conditions and highway conditions with knowledge that the highway was snowy and slippery, all of which caused him to lose control of his vehicle, slide out of control on the snow and come into the path of Mr. Marchello's truck. The plaintiff further alleges that the defendant's reckless conduct, was a substantial factor in causing the injuries sustained by the plaintiff.

  In the event that you find that the plaintiff has proven that the defendant acted recklessly in violation of one of the statutes listed, you may award double or treble the damages against the defendant.

<u>Caulfield v. Amica Mutual Insurance Co.</u>, 31 Conn. App. 781, 786 (1993).

  There are several ways that you can find the defendant acted recklessly, thereby entitling the plaintiff to an award of double or treble damages.

3

First, if you find that the defendant operated his automobile without regard for the safety of others and in disregard of consequences, having regard to the width, traffic and use of the highway, the nature of the pass of Mrs. Coughlin's vehicle and weather conditions, then he would be liable for reckless driving. **General Statutes § 14-222.**

Second, if you find that the plaintiff has proven that the defendant operated his vehicle at such a rate of speed given the conditions as to endanger the life of any person other than himself, he would be guilty of reckless driving.

**General Statutes § 14-222.**

Third, if you find that the plaintiff has proven that the defendant operated his vehicle recklessly in violation of the posted speed limit, then he would be guilty of reckless driving. In that regard I charge you that the speed limit posted on I-95 at that time was 65 miles per hour. In this regard I charge you that even if you find that the defendant complied with the speed limit he still may have had a duty to decrease speed when a special hazard exists by virtue of traffic or by reason of weather or highway conditions.

**General Statutes § 14-219.**

Fourth, if you find that the plaintiff has proven that the defendant traveled unreasonably fast in a reckless manner having regard for the width, traffic and use of the highway, intersection of streets and the weather conditions, the defendant would be guilty of reckless driving.

**General Statutes § 14-218a.**

In the event that you find that the defendant drove recklessly in violation of one of the statutes

4

enumerated above you must determine whether to double or treble the damages to which the plaintiff is entitled.

**General Statutes § 14-295.**

2. **NEGLIGENCE**

Negligence may be defined as the doing of something which a reasonably prudent person would not have done under the circumstances, or the failure to do something which a reasonably prudent person would have done under the circumstances. Specifically, recovery of damages in negligence requires proof by a fair preponderance of the evidence that the Defendant owed a duty of care to the Plaintiff, which duty of care was breached by the Defendant failing to act as a reasonably prudent person under the circumstances, and that the negligent conduct of the Defendant was a proximate cause of the Plaintiff's harm.

The first specific concept I have just mentioned to you is the concept of duty. The law says that a Defendant has a duty to exercise reasonable care toward a Plaintiff whenever the activities of the Defendant and Plaintiff come together in such a way that the failure of the Defendant to exercise reasonable care is likely to cause harm to the Plaintiff. In other words, the test of the existence of a duty to use reasonable care is found in the foreseeability that harm is likely to result if reasonable care is not exercised.

By that it is not meant that the Defendant must be found actually to have foreseen the probability of harm to the plaintiff or that the particular injury or way in which the plaintiff was injured was foreseeable -- but the test is: Under all of the circumstances, would the ordinary, reasonably prudent person in the

5

Defendant's position, knowing what he knew or should have known, reasonably anticipate that harm was likely to result from his act or failure to act? You should understand that the law says a Defendant is bound by what he <u>ought to have known or seen</u> just as much as by what <u>he actually knew or saw</u>. So long as the harm of the general nature as that which occurred was foreseeable, there is a basis for liability even though the actual manner in which the accident happens is unusual, bizarre or unforeseeable.

Where there is a duty of finding out and knowing, negligent ignorance has the same effect in law as actual knowledge.

It is further important for you to understand that the law recognizes that a Defendant's conduct can still be negligent if it involves an unreasonable risk of harm to the Plaintiff which occurs through the foreseeable action of the Plaintiff himself, another party or a force of nature.

<u>Botticelli v. Winters</u>, 125 Conn. 537, 542 (1939);

<u>Orlo v. Connecticut Co.</u>, 128 Conn. 231, 236 (1941);

<u>Borsoi v. Sparico</u>, 141 Conn. 366 (1954);

Wright, <u>Connecticut Jury Instructions</u>, Section 523;

<u>Pisel v. Stamford Hospital</u>, 180 Conn. 314, 333 (1980)

<u>Coburn v. Lenox Homes, Inc.</u>, 186 Conn. 370 (1982);

<u>Neal v. Shiels, Inc.</u>, 166 Conn. 3 (1974);

<u>Hoelter v. Mohawk Service, Inc.</u>, 170 Conn. 495 (1976);

<u>Steinhaus v. Stainhaus</u>, 145 Conn. 95 (1958);

3.  **CARE PROPORTIONATE TO DANGER**

The law says that the standard of care which a reasonably prudent person is bound to exercise is that care which is proper or reasonable in view of all of the surrounding circumstances, peculiarities and hazards. From this concept follows another, which is that in a situation of danger the care exercised must be proportionate to the danger. Proper and reasonable care may and often does require extraordinary care. Where the danger may extend to the taking of life or the inflicting of grave injury, then reasonable care is very great care.

New England Iron Works Co. v. Connecticut Co., 98 Conn. 609, 610-11 (1923);

Tower v. Camp, 103 Conn. 41, 47 (1925);

Reboni v. Case Brothers Inc., 137 Conn. 501, 505 (1951).

The use of reasonable care in a given situation is the care which an ordinarily prudent person would use in view of the surrounding circumstances. It is not the care the Defendant felt that he should use. You must determine the question by placing an ordinarily prudent person in the situation of the Defendant and ask yourselves, what would such a person have done?

Marfyak v. New England Transportation Co., 120 Conn. 46, 48 (1935).

Wright, section 522.

4.  **SPECIFIC ALLEGATIONS OF NEGLIGENCE**

As to the Defendants, the Plaintiff has made specific allegations of negligence. In order for the Plaintiff to recover against the Defendants, all that is necessary is that the Plaintiff prove that the Defendant

7

was negligent in just <u>one</u> of these ways I am about to mention to you, and that the negligence of the Defendant was <u>a</u> proximate cause of Plaintiff's injury, not the sole and only proximate cause of the injury. I will instruct you on "proximate cause" in a moment.

The plaintiff has alleged that the defendant was negligent in the following ways:

    (a)    failed to keep proper control of his motor vehicle;

    (b)    failed to return his vehicle to the proper lane of travel;

    (c)    failed to keep a proper lookout;

    (d)    moved upon the highway in an unsafe manner;

    (e)    failed to swerve to avoid said collision;

    (f)    operated his motor vehicle at an unreasonable rate of speed;

    (g)    traveled at an unreasonable speed given the width, traffic conditions and use of the highway and weather conditions in violation of Connecticut General Statutes § 14-218a;

    (h)    was speeding in violation of Connecticut General Statutes § 14-219;

Proof of any one of these allegations requires a finding that the defendant was negligent.

**<u>NEGLIGENCE AS A MATTER OF LAW</u>**

A violation of a statute is a violation of a duty by legislative mandate by which one person owes to another in respect to persons and property and is, therefore, negligence in and of itself. Thus, a violation of a statute is considered negligence <u>per se</u> under the rules of evidence in Connecticut. If you find that the Defendant violated either, or both, of the following two statutes, as I shall explain them to you, then you

must find that Defendants are legally responsible for all of the damages sustained by the Plaintiff, if such violation was a substantial factor, or proximate cause, in causing Plaintiff's Injuries.

Pietrycka v. Simolan, 98 Conn.490 (1923);

Conchor v. Kelson, 114 Conn. 262 (1932);

Wright, secs. 70, 524, 524(c )(1) (1996 Supplement)

In this case, the plaintiff has offered evidence that the defendant violated two sections of our State statutes.

### A. DEFENDANT OPERATED HIS VEHICLE AT AN EXCESSIVE RATE OF SPEED, IN VIOLATION OF CONNECTICUT GENERAL STATUTES 14-218A AND 14-219

The plaintiff has offered evidence that the defendant violated a section of our State statutes which reads in part as follows: "No person shall operate a motor vehicle upon any public highway of the state, or road of any municipal association . . . at a rate of speed greater than is reasonable, having regard to the width, traffic, and use of the road, the intersection of streets, and weather conditions." In connection with the determination of the violation of the foregoing statute, I instruct you as follows. Proper speed, except where you have certain arbitrary limits fixed, which I shall come to, is that rate of movement which is reasonable under all circumstances. Under some circumstances a high rate of speed may not be negligence, under other circumstances a very low rate of speed may be negligent. So, it is for you to determine, under that part of the statute that I have just read, whether or not the rate of speed was unreasonable on the day in question. In weighing or determining such a question, you should consider the specific conditions named in the statute, that is, the width of the highway, the weather conditions, the traffic and use of the highway,

9

the intersection of streets, and whether or not the speed was greater than was reasonable.

Now, where speed limit signs are posted, the same statute I have referred to provides as follows: "The state traffic commission may determine speed limits which are reasonable and safe on any state highway built or maintained by the state and may erect signs indicating such speed limits." Then the statute gives a similar power to the traffic authority of any town, city or borough, and the statute goes on to provide that: "Any speed in excess of such limits . . . shall be prima facie evidence that such speed is not reasonable, but the fact that the speed of a vehicle is lower than such limits shall not relieve the operator from the duty to decrease speed when a special hazard exists with respect to pedestrians or other traffic by reason of weather or highway conditions." So, in passing upon the question of speed, you will consider any posted speed fixed by the traffic commission on the highway, whether there existed any special hazard with respect to pedestrians or other traffic or by reason of the time of day, traffic or highway conditions which would require a slower speed or a reduction in the speed at the time of this accident.

Now, if you find the Defendant violated this statute, such violation is deemed negligence in and of itself under the law of the State of Connecticut. If you further find such violation of the statute proximately caused the injuries to Plaintiff, then you will render a verdict in favor of the Plaintiff, and against the Defendants.

Further, the legislature has enacted statutes that prohibit operation in excess of the posted limit. General Statutes sec. 14-219 provides that: "Any person who operates a motor vehicle on a multiple lane, limited access highway at a rate of speed greater than sixty-five miles per hour" has violated the law.

10

Now, if you find the Defendant violated this statute, such violation is deemed negligence in and of itself under the law of the State of Connecticut. If you further find such violation of the statute proximately caused the injuries to Plaintiff, then you will render a verdict in favor of the Plaintiff, and against the Defendants.

Giacomi v. Conn.Nat'l Bank, 242 Conn. 17, 57 fn. 40 (1997); Wright, section 74; Conn. Gen. Stat. Secs. 14-218a & 14-219.

5. **PROXIMATE CAUSE**

If you find the Defendant was negligent on any one or all of the bases I previously described, in order for the Plaintiff to recover, the plaintiff must further prove, also by a fair preponderance of the evidence, that the conduct of the defendant "proximately caused" the plaintiff's damages.

The test of "proximate" cause is this: was the defendant's negligence a substantial factor in producing Plaintiff's injuries? When an event produces a result which follows in natural sequence, it may be said that the event is a cause of the result. By natural sequence, I mean a sequence which proceeds in accordance with the common experiences in life.

In order to prevail against the defendant, the plaintiff does not have to prove that the defendant's negligence was the sole or exclusive factor resulting in the plaintiff's damages. The law requires only that the plaintiff show that the defendant's negligent conduct was a substantial factor in causing the plaintiff's damages.

The plaintiff is entitled to recover for all damages proximately caused by the defendant's wrongful acts, whether or not the results could be anticipated at the time of the defendant's wrongful acts.

In determining whether the Plaintiff has proved proximate cause, as in proving any other fact, you are entitled to draw all reasonable and logical inferences from facts which you find to be proven.

Wright, sections 224, 225, 14(a);

Wright, Connecticut Law of Torts (2nd), section 33;

Monroe v. Hartford St. Ry. Co., 76 Conn. 201 (1903);

12