Lombardi v. Wallad, 98 Conn. 6\510 (1923);

Mahaney v. Beatman, 110 Conn. 184 (1929);

Santini v. Levin, 110 Conn. 248 (1929);

Corey v. Phillips, 126 Conn. 246 (1939);

Maurison v. Hansen, 128 Conn. 62 (1941);

State v. Avcollie, 178 Conn. 450 (1979)

## 6.    PROOF OF ONLY ONE CLAIM

With respect to Plaintiff's negligence theory against the Defendants, the plaintiff has alleged that the defendants were negligent in more than one way.  The plaintiff does not need to prove all of the claims of negligence, but need prove only one.  If even one act of negligence by the defendant was a substantial factor in causing the injuries to the plaintiff, then your verdict must be for the plaintiff on the negligence claim.

Furthermore, the plaintiff does not have to prove that the negligence of the defendant was the only factor in producing the harm that resulted to the plaintiff.  There can be more than one substantial factor producing plaintiff's harm.

Further, if you find that the negligence of the defendant was a substantial factor in bringing about the plaintiff's injuries, the fact that the defendant may not have foreseen the extent of the harm to the plaintiff, nor the manner in which the harm occurred to him, does not prevent the defendants from being liable.  The plaintiff is entitled to recover for all damages proximately caused by the defendant's

13

negligence <u>whether or not</u> the results were reasonably to be anticipated from such negligent act.

<u>Mourison v. Hansen</u>, 128 Conn. 62, 66 (1941);

Corey v. Phillips, 126 Conn. 246, 255 (1939).

## 7.    <u>DAMAGES - GENERAL</u>

If you find that the Plaintiff was injured by Defendant, then the Plaintiff is entitled to recover damages from the Defendant. If you find in favor of the Plaintiff, he is entitled to an award of damages in an amount which you will determine to compensate him fully, fairly, and justly, for the injuries and losses sustained. It is for you, in the exercise of your best judgment, to say what is fair and just.

The rule is that so far as money can do it, the Plaintiff is to get fair and just compensation for the injuries he has suffered. It is for you, in the exercise of your best judgment, to say what is fair and just compensation to the plaintiff so far as money will compensate for the injuries which he has suffered. There is no fixed rule which you can apply. You have to apply sound, common sense in reaching the amount of your verdict.

I instruct you that the plaintiff need not establish the amount of his damages to an exactness, but rather he need only provide sufficient evidence for a reasonable estimate to be made by you.

<u>Conway vs. Prestia</u>, 191 Conn. 484, 494 (1983);

<u>Delott v. Roraback</u>, 179 Conn. 406, 411 (1980).

The mere fact that the damages may be difficult to assess, in itself, is insufficient reason for refusing to award them, once the right to damages has been established.

14

Griffin v. Nationwide Moving & Storage Co., 187 Conn. 405, 420 (1982).

Powers v. United States, 589 F.Supp. 1084 (D. Conn. 1984);

Delott v. Roraback, 179 Conn. 406 (1980);

Jerz v. Humphrey, 160 Conn. 219 (1971);

Davis v. Gambardella & Sons Cheese Corp., 147 Conn. 365 (1960);

Sashin v. Corcoran, 146 Conn. 512 (1959);

Morger v. Connecticut Ice Cream Co., 146 Conn. 551 (1959);

Thompson v. Lupone, 135 Conn. 236 (1948).

The plaintiff is entitled to recover for all damages proximately caused by Defendant's wrongful

act, whether or not the results were reasonably to be anticipated from such an act.

Wright and Ankerman, Connecticut Jury Instructions, Sec. 235;

Mourison v. Hansen, 128 Conn. 62, 66 (1941).

You must compensate the plaintiff for the injuries and damages which he has suffered from the

day he was injured until today and from today until the end of his life. These damages include

compensation for his past and any future medical needs; compensation for past and future physical pain

and suffering; and compensation for his past and future emotional pain and suffering.

You must consider all of these factors in attempting to give the Plaintiff full, fair, and just

compensation. I will explain each of these factors in more detail in a few moments.

The fundamental rule regarding damages is that the amount awarded should be fair, just, and

reasonable compensation for the losses suffered as a direct and proximate consequence of someone's negligence. The Plaintiff is entitled to recovery for any such damages established by a preponderance of the evidence.

Wright, Connecticut Jury Instructions, 2d Ed. Sec. 226.

A general principle of law is that whenever one person has committed a wrong against another, the person wronged shall be awarded damages to the extent that he will be replaced to the situation and lifestyle he enjoyed prior to the defendant's negligence. Basically, he is to be compensated and put in a position as if the wrong had not been committed, so far as a monetary award can do it.

Leventhal v. Stratford, 121 Conn. 290, 299 (1936).

a.     APPLICATION OF DAMAGES

If you find that the defendants' negligence caused the plaintiff's injuries, the law then requires you to make certain allocations. You must differentiate between economic damages and non-economic damages.

i.     Economic Damages:

Economic damages are defined as compensation for pecuniary losses including medical costs. In this case, the Plaintiff is making a claim for past and future economic damages. Past economic damages are compensation for past medical costs and lost wages. Future economic damages are compensation for future medical costs and lost or diminished earning capacity.

In this case, the economic damages claimed by the Plaintiff are his expenses for hospital and

16

medical care. During the trial, a series of medical bills were introduced by the Plaintiff regarding expenses which he testified he incurred as a result of his injuries. If you find that these amounts were reasonable and were made necessary by injuries caused by the Defendant, you are to allow them as past economic damages.

Wright and Daly, Connecticut Jury Instructions, § 226f (3d Ed. 1981).

Proof of expenses incurred affords evidence of the value of the services or items, and, if the expenses do not appear unreasonable in amount, either from other evidence or through your own common sense, reasonableness should be accepted.

Flynn v. First National Bank and Trust Co., 131 Conn. 430, 436 (1944).

Thus, the Plaintiff is not required to introduce evidence of reasonableness and, if no contrary evidence has been offered, and if your common sense experience does not indicate to you that the charges are unreasonable, then you should conclude that these expenses are reasonable.

The bills for expenses for medical treatment incurred by the Plaintiff is in evidence as Plaintiff's exhibits No. _____. By my calculations, these bills total approximately $68,000.

The plaintiff has also introduced evidence that he lost time from work. This lost time is compensable as is any future reduction in earning capacity that he may experience as a result of his injuries.

If you find that Defendant is responsible for these expenses, and that these expenses were reasonable, then you should compensate the plaintiff for these expenses.

17

I Wright and Daly, <u>Connecticut Jury Instructions</u>, § 225 (3d Ed. 1981).

       ii.      <u>Non-Economic Damages</u>

Non-economic damages are defined as compensation to the Plaintiff for damages suffered by way of physical pain and suffering, and mental pain and suffering, or emotional distress. Again, I instruct you that these are proper elements of an injured party's damages that you are to consider.

<u>Powers v. United States</u>, supra, 589 F.Sup. 1106-07;

<u>Delott v. Roraback</u>, supra, 179 Conn. 409;

<u>Thompson v. Lupone</u>, 135 Conn. 236, 239 (1948).

In this case, all of the physical pain and suffering, anxiety, fear, depression and agitation that the Plaintiff has suffered as a result of the injuries sustained from the accident are proper elements of damage for which he must be compensated. The assessment of damages is solely within your province. Factors to be considered are the events of the accident itself, economic damages as evidenced by the medical bills and lost wages incurred, hospitalizations, the nature of the rescue and medical procedures performed on the Plaintiff, treatment Plaintiff completed, and the mental suffering and anguish which you find to have resulted from the injuries sustained as a result of this collision, the injuries themselves, past, present and future pain and suffering and any disability that the Plaintiff has suffered and will continue to suffer as a result of his injuries.

<u>Lopez et al. v. Price et al</u>, 145 Con. 560 (1958);

<u>Duffy v. Bishop</u>, 99 Conn. 573 (1923);

18

Thompson v. Lupone, 135 Conn. 235 (1948);

Wright & Ankerman, Connecticut Civil Instructions (Civil) (1996 Supplement), §226 (h)(1).

In deciding how much to award for this element of damages, you must consider the plaintiff's injuries, pain and suffering from February 5, 2001 to today, and from today through the remainder of his lifetime.

I instruct you that not only is the physical pain compensable, but also emotional anguish, suffering and psychological problems, such as depression and anxiety that accompany and arise out of the physical pain and injuries, must be considered.

Power v. United States, supra, 589 F.Sup. at 1106-07;

Delott v. Roraback, supra, 179 Conn. 409;

Thompson v. Lupone, supra, 135 Conn. 239.

In assessing such damages, you may consider such factors as your own experience with pain and suffering, and the permanency of this condition, and psychological problems that accompany physical pain such as depression, anxiety, fear, and agitation. You may consider all of your life's experiences and any other factors you deem relevant in assessing a value for the plaintiff's past and future pain and suffering.

In making an award for pain and suffering, you should also consider whether it is reasonably probable that the plaintiff will suffer physical or emotional pain as a result of his injuries for the duration of his lifetime and, if you so conclude, then your award should reflect damages for the future as well as

19

past and present pain and suffering. These are two separate and distinct elements of an award of damages. If you conclude that the plaintiff has suffered physical and/or emotional pain from the time of his injury until the present time, you may award money damages for this past pain and suffering. If you conclude that the plaintiff will suffer such pain in the future, you may award money damages for his future pain and suffering.

Furthermore, if you find that the defendants' negligence increased the risk that the plaintiff may suffer future complications or injuries, you may compensate him for those injuries that he is at an increased risk of in the future.

Restatement (Second) of Torts § 323.

Obviously, the amount of this compensation is a difficult matter to determine. How can any one measure pain and suffering in terms of dollars and cents? However, you as the jury will be responsible for determining the compensation to be awarded to the plaintiff for the pain and suffering which he has endured and will in the future endure as a result of the negligence of the Defendant. You will determine its extent, its intensity, its duration and its character. You will make an allowance which in your good judgment you deem fair and reasonable to compensate him for the pain and suffering which he has endured and for that which he will continue to suffer for part or all of the remainder of his life.

B.    PERMANENT INJURY

If you find that it is reasonably probable that the plaintiff has suffered a permanent injury, you must attempt to compensate him for such permanent injury or physical impairment which you find that

20

he sustained and will suffer from in the future. You must be satisfied fairly, by a preponderance of the evidence, that the results you are attempting to compensate him for are reasonably probable. The plaintiff is entitled to be compensated for what he would fairly be expected to suffer due to any permanent injuries or conditions which were caused by Defendant's negligence, over the period of his life expectancy. Wright and Ankerman, section 233.

C.    LIFE EXPECTANCY

It is for you to decide the question of the plaintiff's life expectancy. One accepted method of resolving this question is through the use of what are called "mortality tables." Experience over a great many years and statistics show that a person of a certain age may reasonably be expected to live a certain period of years. This is an average which statisticians arrive at from their study of the life expectancies of people from our population. This average does not mean that a person will, with certainty, live until the age indicated by the average. He or she may die before that age or may live longer. But the average length of life which the statistics show that the plaintiff should be expected to live may be considered by you together with all of the evidence before you as to the plaintiff's physical condition in arriving at the life expectancy of the plaintiff.

I instruct you that the U.S. National Center for Health Statistic's annual publication called Vital Statistics of the United States indicates that for a man of the age of the plaintiff (44 years old today) has an average life expectancy of 30 additional years of age.

If you find that the plaintiff is entitled to recover damages for injuries which you believe are

21

permanent in nature, you must find that such permanent injuries will continue for the remaining years of his life, whatever you determine his life expectancy to be and compensate him therefore.

### D.     INTERFERENCE WITH LIFE'S ACTIVITIES

The plaintiff also seeks damages for past and future interference with his capacity to carry on and enjoy life's activities in a way he should have, had he not been injured.  In other words, the way he did and expected to before his injuries.  If you find that the plaintiff has suffered injuries and that these injuries have or will interfere with the plaintiff's ability to lead a normal life and conduct his normal activities, then you may properly award the plaintiff damages for the destruction of his ability to enjoy and carry on life's activities.  This award is in addition to other damages.  In this regard, you may consider the evidence presented concerning the effect of the plaintiff's injuries on his life, activities, and all of those aspects of daily life which make up a person's life.  If you find that as a result of his injuries, the plaintiff was or will be unable to lead a normal life, the way he did prior to the collision, then you may award him damages for the destruction of his ability to enjoy life's activities.

Wright and Ankerman, section 245 (1);

U.S. National Center for Health Statistics, Vital Statistics of the United States (Expectation of Life and Expected Deaths, by Race, Sex and Age: 1990).

### 8.     **EVIDENCE ADMITTED BY LAW**

The Plaintiff has introduced certain documents into evidence by authority of state or federal law. The Plaintiff has introduced the police report and various medical records and bills.  Our law allows the

22

Plaintiff to do so without bringing someone from the business, hospitals or the doctors in to testify. There is nothing wrong with doing that. The law recognizes that it serves the public better to allow certain kinds of documents into evidence without bringing in a witness to introduce them. The Plaintiff was not required to call as a witness the persons who made the writings or records, and you should not hold it against the Plaintiff that he did not do so.

23

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARL MARCHELLO                          :        CIVIL ACTION NO.
    Plaintiff                          :        3:01CV2329 (PCD)
                                       :
VS.                                     :
                                       :
CHASE MANHATTAN AUTO FINANCE            :
CORPORATION; JOHN MCKENNA and           :
FAIR ISSAC COMPANY, INC.                :
    Defendants                         :        FEBRUARY 27, 2004

## STATEMENT OF THE CASE

This matter involves a motor vehicle crash on I-95 southbound in Westbrook on February 5, 2001 in the early afternoon. The plaintiff, Carl Marchello, from Twin Falls, Idaho, was driving a truck loaded with potatoes southbound in a snowstorm when he was passed by a Toyota driven by John McKenna, the defendant in the case. Mr. McKenna, who was traveling about 70 miles an hour, lost control in the snow and his vehicle came to a rest across the lanes of travel after spinning several times. Mr. Marchello attempted to stop his truck but was unable. He struck Mr. McKenna's vehicle that was blocking the highway at about 40 miles per hour.

At the time of the crash, Mr. McKenna was operating a vehicle that was leased by Chase. He was working for the defendant Fair Isaac and was headed for a scheduled sales appointment in Stamford with his client General Electric. Under our law both Chase and Fair Isaac are liable for the actions of Mr. McKenna.

At the time of the collision Mr. Marchello was thrown around the cab of the truck. Mr. Marchello was taken by ambulance to the hospital and discharged. During that night he developed severe pain in his back. Mr. Marchello's truck was repaired quickly but he had to call his safety director to fly out to Connecticut to pick him up and drive the rig back to Idaho due to severe pain. Subsequently Mr. Marchello was advised to have surgery on his low back. In the fall of 2001 Mr. Marchello had a lumbar spine fusion from L4 to the sacrum performed by Dr. David Hanscom in Idaho. At that time steel cages were placed in his back along with screws to maintain the fusion. Mr. Marchello was out of work from the date of the accident until May, 2002 when he was released by his doctor to return to work driving truck. Mr. Marchello claims he suffered lost wages and had to incur medical bills during this time.

Mr. Marchello had a prior spinal fusion in 1985. Mr. Marchello had no difficulties with his back subsequent to that fusion and had not sought any care from a physician for back pain since that time. He has repeatedly passed his DOT physicals that are necessary for maintaining a commercial trucking license. Dr. Hanscom will testify as to the effect of the collision on Mr. Marchello's back.

Mr. Marchello is 44 years old, divorced with two children. Prior to the accident Mr. Marchello enjoyed building race cars and racing at a speedway in Idaho in addition to long haul trucking. He no longer races or builds cars. While he still drives, the frequency with which he drives long hauls had diminished. Since the accident he has stopped unloading the truck at destinations. The loads are now considered "no touch" meaning others have to unload them. He continues to take prescription anti-inflammatory medications for his low back, neck and shoulder and regularly experiences pain, which is

usual when a prior fusion is broken down.

To date Mr. Marchello has incurred about $68,000 in medical expenses and claims lost wages in the past and into the future. In addition, Mr. Marchello claims he has a permanent disability, has experienced pain and continues to suffer effects from the collision.

THE PLAINTIFF,


BY:_____

JOEL T. FAXON
Federal Juris No. ct16255
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT 06510
Tel.#(203)624-9500
Fax#(203)624-9100

## PLAINTIFF'S VERDICT FORM

1. The defendant, John McKenna, was reckless in one or more of the ways alleged by the plaintiff and proximately caused the plaintiff's injuries?

_____ Yes                              _____No

If yes, go on to question 2, If no, go to question 3.

2. Do you double or triple the damages recoverable by the plaintiff?

_____ Double                          _____Triple

Go on to question 6.

3. The defendant, John McKenna, was negligent in one or more of the ways alleged by the plaintiff and proximately caused the plaintiff's injuries?

_____ Yes                              _____No

If yes, go on to answer 4. If no, fill out the defendant's verdict form and report that your deliberations are over.

4. The plaintiff, Carl Marchello, was negligent in one or more of the ways alleged by the defendants and proximately caused his own injuries.

_____Yes                              _____No

Continue to next question if your answer is yes, if no proceed to question 6.

5. Determine the percentages of negligence of the following parties:

_____Carl Marchello                  _____John McKenna

6. Determine the total amount of fair, just and reasonable compensatory damages suffered by Carl Marchello:

Past Economic Damages                  _____

Future Economic Damages                _____

Past Non Economic Damages              _____

Future Non Economic Damages            _____

7. If the defendant was negligent and not reckless multiply the percentage of liability of Mr. McKenna by the total damages. The resulting sum will be the amount of compensatory damages adjudged against the defendants.

_____% x _____(total damages)= _____

8. If you doubled or tripled the plaintiff's compensatory award please enter the total verdict for the plaintiff below after multiplying the compensatory damages by the appropriate factor (2 or 3):

TOTAL VERDICT:_____


The foreperson should sign this form and announce that the jury has reached a verdict.


_____
Foreperson