UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARL MARCHELLO,<br>Plaintiff | CIVIL ACTION No. 3:01cv 2329 (PCD) |
| VS. | |
| CHASE MANHATTAN AUTO,<br>FAIR ISAAC & COMPANY, INC.,<br>Defendants | FEBRUARY 12, 2004 |

## TRIAL PREPARATION ORDER (SECTION B)

The Defendant Fair Isaac & Company, Inc. hereby submits this Trial Preparation Order (Section B) in accordance with the Scheduling Order.

**SECTION B:**

**B1.  Claims of Fact:**

The Defendant Fair Isaac & Company, Inc. admits that the Co-Defendant, John McKenna, was acting in the course of his employment at the time of the February 5, 2001 motor vehicle accident.

 * Plaintiff agrees.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361            FACSIMILE (860) 525-4849            JURIS No. 24029

**B2.  Proposed Findings of Fact:**

    None.      * N/A

**B3.  Claims of Law:**

    If the Plaintiff does not prove that the negligence of the Co-Defendant McKenna was the proximate cause of his claimed injuries and damages, then the Defendant Fair Isaac & Company, Inc. is not liable and responsible for such claimed injuries and damages.

  * Plaintiff agrees. However, Plaintiff will be able to prove negligence, causation and damages.

**B4.  List of Exhibits:**

    A.   Medical records of the Plaintiff's prior orthopedic treatment and surgery.

  *Plaintiff agrees. However, Plaintiff will be able to prove negligence, causation and damages.

**B5.  List of Witnesses:**

    The Defendant Fair Isaac & Company, Inc. does not anticipate calling any witnesses at this time.

    * N/A.

**B6.  Description of Each Item of Proposed Evidence:**

    Depending on the Plaintiff's testimony on direct, the Defendant may offer portions of the Plaintiff's deposition.

    *Plaintiff agrees that Mr. Marchello's deposition is admissible.

THE DEFENDANT,<br>
**Fair Isaac & Company, Inc.**

By_____<br>
Kenneth G. Williams<br>
Fed. Bar No. ct05725<br>
GORDON, MUIR and FOLEY, LLP<br>
10 Columbus Boulevard<br>
Hartford, CT 06106

### CERTIFICATION

This is to certify that a copy of the foregoing was faxed and mailed to the following counsel of record on this 12th day of February, 2004:

Joel T. Faxon, Esq.<br>
KOSKOFF, KOSKOFF & BIEDER, P.C.<br>
350 Fairfield Avenue<br>
Bridgeport, CT 06604

Thomas P. Cella, Esq.<br>
HOWARD, KOHN, SPRAGUE & FITZGERALD<br>
P.O. Box 261798<br>
Hartford, CT 06126

Richard J. Buturla, Esq.<br>
BERCHEM, MOSES & DEVLIN, P.C.<br>
75 Broad Street<br>
Milford, CT 06460

Brian W. Smith, Esq.<br>
75 Broad Street<br>
Milford, CT 06460

_____<br>
Kenneth G. Williams<br>
Gordon, Muir and Foley, LLP

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARL MARCHELLO | : | NO.: 301CV2329 PCD |
| VS. | : | |
| CHASE MANHATTAN AUTO FINANCE CORPORATION and JOHN McKENNA | : | FEBRUARY 12, 2004 |

### TRIAL PREPARATION ORDER (SECTION B)

The Defendant, John McKenna, hereby submits his compliance with the Trial Preparation Order (Section B) as follows:

### SECTION B

**B1.  CLAIMS OF FACT**

The Defendant, John McKenna, denies that his negligence was the proximate cause of the injuries and damages claimed by the Plaintiff.   *Plaintiff disagrees.  See Police Report and testimony of Carl Marchello and Dr. Hanscom.

**B2.  PROPOSED FINDINGS OF FACT**

None     *N/A.

**B3.  CLAIMS OF LAW**

The Plaintiff cannot recover if he fails to prove that the negligence of the Defendant, John McKenna, was the proximate cause of his claimed injuries and damages.

   *Plaintiff agrees.  However, Plaintiff will be able to prove negligence, causation and damages.

**B4.**   **LIST OF EXHIBITS**   *Plaintiff agrees to the admissibility subject to redaction.

    A.    Plaintiff's Prior Medical Records

    B.    Plaintiff's Daily Trucking Logs

**B5.**   **LIST OF WITNESSES**

*N/A.

    1.    John McKenna

**B6.**   **DESCRIPTION OF EACH ITEM OF PROPOSED EVIDENCE**

Depending on the Plaintiff's trial testimony, the Defendant may offer excerpts from the Plaintiff's deposition testimony.   *Plaintiff agrees that Mr. McKenna is competent to testify.

                              DEFENDANT, JOHN McKENNA

                              BY _____
                              Thomas P. Cella
                              Howard, Kohn, Sprague & FitzGerald, LLP
                              237 Buckingham Street
                              Hartford, CT 06126-0896
                              Federal Bar No: ct 04298

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed postage prepaid on this 12th day of February, 2004 to:

Joel Faxon, Esq.
Stratton Faxon
59 Elm Street
New Haven, CT 06510

Kenneth Williams, Esq.
Gordon, Muir & Foley, LLP
10 Columbus Boulevard
Hartford, CT 06106

Brian Smith, Esq.
Berchem Moses & Devlin, PC
75 Broad Street
Milford, CT 06460

Brian DelGatto, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
One Stamford Plaza
263 Tressor Boulevard, 9th Floor
Stamford, CT 06901

Sean D. Murphy, Esq.
Nuzzo & Roberts LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410

BY _____
Thomas P. Cella

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CARL MARCHELO** | : | Civil Action No. |
| Plaintiff | : | 3:01CV2329 (PCD) |
| | : | |
| v. | : | |
| | : | |
| **CHASE MANHATTAN AUTO** | : | |
| **FINANCE CORPORATION, ET AL** | : | |
| | : | |
| Defendants | : | February 13, 2004 |

## TRIAL MEMORANDUM

In accordance with the Trial Preparation Order issued by Judge Dorsey on January 9, 2004, the defendant Chase Manhattan Auto Finance Corporation (hereinafter referred to as "Chase") submits this Trial Memorandum.

### SECTION B

1. **UNDISPUTED CLAIMS OF FACT**

    A. Chase was and is a registered owner and leasor of a 1998 Toyota Avalon bearing Massachusetts registration 3683 EI. *Plaintiff agrees

    B. Chase rented and/or leased the Toyota Avalon to the defendant, John McKenna.    *Plaintiff agrees

    C. John McKenna was acting as the agent, servant or employee of the defendant, Fair Isaac & Company, Inc. at the time of the accident.
       *Plaintiff agrees

2. **PROPOSED FINDINGS OF FACT**

As this matter is a jury case, the undersigned defendant proposes no findings of fact for the court.        *n/a

3. **CLAIMS OF LAW**

   A. The plaintiff cannot recover any damages to the extent the jury reasonably finds his contributory negligence is greater than the negligence of the defendants. *Trzcinski v. Richey*, 190 Conn. 285, 299 (1982); Conn. Gen. Stat. §52-572h(b).  *Plaintiff agrees, however, the Plaintiff's negligence does not exceed that of the defendant's.

   B. Any award to the plaintiff must be reduced by the amount of his contributory negligence as found by the jury. Conn. Gen. Stat. §52-572h(b).

      *Plaintiff agrees.

4. **LIST OF EXHIBITS**

   *see attached exhibit list

   In addition to the exhibits listed in the plaintiff's compliance with Section A of the Trial Preparation Order, the defendant Chase submits an exhibit list attached hereto.

5. **LIST OF WITNESSES**

   In addition to the witnesses listed in the plaintiff's compliance with Section A of the Trial Preparation Order, the defendant Chase will call any witness that is necessary to

authenticate any documents. The defendant also reserves the right to disclose an expert witness after the deposition of Dr. Hanscom is obtained.

\*n/a

6.  **LIST OF PROPOSED EVIDENCE**

Medical records pre-dating the accident will show the nature and extent of any physical condition or limitation of the plaintiff prior to the time of the incident alleged in the complaint.

Records from Worker's Compensation proceedings will show the nature and extent of any physical condition or limitation of the plaintiff prior to the time of the incident alleged in the complaint.

\*n/a

THE DEFENDANT,
Chase Manhattan Auto Finance Corporation

By _____
Brian W. Smith
BERCHEM, MOSES & DEVLIN
75 Broad Street
Milford, CT 06460
Phone: (203) 783-1200
Federal Bar: CT05720

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed on this 13th day of February 2004 to the following:

Joel Thomas Faxon
Antonio Ponvert, III
Koskoff, Koskoff & Bieder, PC
350 Fairfield Avenue
Bridgeport, CT 06604

Thomas P. Cella
Howard, Kohn, Sprague & Fitzgerald
237 Buckingham Street
PO Box 261798
Hartford, CT 06126-1798

Kenneth G. Williams
Gordon, Muir & Foley
Hartford Square North
10 Columbus Blvd.
Hartford, CT 06106-5123

Brian Del Gatto, Esq.
Stephen Brown, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3 Gannett Drive
White Plains, NY 10604

**Intervening Plaintiff, Yarmane Transport:**
David Weil, Esq.
Sean D. Murphy, Esq.
Nuzzo & Roberts, LLC
One Town Center, PO Box 747
Cheshire, CT 06410

By /s/ Brian W. Smith
Brian W. Smith

**Chase Manhattan Auto Finance Corporation**

**Exhibit List**

A. Deposition transcript of Carl Marchello.
   - **Plaintiff agrees to the admission of the deposition transcript of Carl Marchello, if properly utilized.**

B. Employment records of Carl Marchello from Frank Lupo Goodyear, Price, UT.
   - **Plaintiff objects. The defendant has never produced these documents. Legal basis for objection: Fed. R. Evid. 401, 402 & 403.**

C. Worker's Compensaion records of plaintiff from Utah.
   - **Plaintiff objects. The defendant has never produced these documents. Legal basis for objection: Fed. R. Evid. 401, 402 & 403.**

D. Worker's Compensation records from Idaho.
   - **Plaintiff objects. The defendant has never produced these documents. Legal basis for objection: Fed. R. Evid. 401, 402 & 403.**

E. Medical records of plaintiff from Harold Gunn, DC.
   - **Plaintiff agrees (assuming that these are the records produced by the plaintiff).**

F. Medical records of plaintiff from J. Charles Rich, MD.
   - **Plaintiff agrees (assuming that these are the records produced by the plaintiff).**

G. Medical records of plaintiff from LDS Hospital, Salt Lake City, UT.
   - **Plaintiff agrees (assuming that these are the records produced by the plaintiff).**

H. Medical records of plaintiff from Dr. Boyd G. Holbrook, MD.
   - **Plaintiff agrees (assuming that these are the records produced by the plaintiff).**

I. Transcript and/or video of deposition of Dr. David Hanscom.
   - **Plaintiff agrees subject to objection that will be set forth on the records.**